[Cooper & Co. v. Geo. Pacific Railway Co.]

# Cooper & Co. *v.* Geo. Pac. Railway Co.

| 92 | 329 |
| 100 | 265 |

*Action against Common Carrier, for Lost Goods.*

1. *Liability of connecting carrier, under through bill of lading; burden of proof as to loss or damage.*—When goods are shipped in a sealed car from New Orleans to Birmingham, under a through bill of lading, and an action is brought against the last carrier for loss or damage, the presumption is, in the absence of proof of loss or damage on the route, that the contents of the car when received by him were in the same condition as when shipped from New Orleans; and a recovery can not be had against him for the contents of a barrel which was found empty when the car was opened, when the evidence does not show how many barrels were delivered in New Orleans, nor in what condition they were.

APPEAL from the City Court of Anniston.

Tried before the Hon. B. F. CASSADY.

This action was brought by C. J. Cooper & Co., against the Georgia Pacific Railway Company, to recover for failure to deliver one barrel of molasses.   All the facts are set out in the opinion.   The case being submitted to the court, without the intervention of a jury, he rendered judgment for the defendant.   The plaintiffs appeal; and assign this judgment as error.

E. H. HANNA, for appellants.—The burden of proof is on defendant to show that loss did not occur by reason of the negligence of its employès.—*Ga. Pac. Rwy. Co. v. Hughart*, 90 Ala. 36.   The presumption is, that the goods were in good condition when received by first carrier; and defendant must show that the loss did not occur while the goods were in its custody.—*Ga. Pac. Rwy. Co. v. Hughart* 90 Ala. 36; *Rwy. Co. v. Harris*, 7 So. Rep. 544.

KNOX & BOWIE, *contra.* .

CLOPTON, J.—The cause of action indorsed on the summons issued by the justice of the peace, before whom the suit was originally commenced, is a stated account.   In the City Court, to which it was removed by appeal, plaintiffs filed, without objection, a complaint, setting forth as the cause of action the failure of defendant to deliver one barrel of molasses, which it received as common carrier, to be delivered to plain-

tiffs at Oxford, Alabama; and on this complaint the cause was tried without the intervention of a jury. The evidence without conflict shows that a car, containing whole and half barrels of molasses, was shipped, by through bill of lading from New Orleans, Louisiana, to plaintiffs at Oxford; and when the car, after arrival, was opened, one barrel was found empty. Defendant received the car from the Alabama Great Southern Railroad Company at Birmingham, to be transported to Oxford.

Defendant being one of connecting lines of carriers, and, in this case, the last carrier, the presumption attaches, that when the car was delivered to defendant the contents were the same, and the goods in the same condition, as when started by the first carrier at New Orleans; and if it had been shown that loss or injury occurred somewhere on the road of transportation, the burden would have been on the defendant to show what were the contents of the car, and the condition of the goods, when received at Birmingham.—*Mont. & Eu. R'wy. Co. v. Culver*, 75 Ala. 587. The presumption avails in favor of, as well as against, defendant. The burden, in the first instance, is on plaintiffs to show loss or injury while the car was *in transitu*: that is, to show the quantity and good condition of the goods when shipped at New Orleans, and a failure to deliver the quantity, or a delivery in a damaged condition. There is no evidence tending to show what number of barrels were in the car when it left New Orleans, or that the condition of the goods was different on its arrival at Oxford. The car was sealed at New Orleans, and again sealed at Meridian, without disturbing the first seal, by an intermediate carrier; and when delivered to defendant at Birmingham, and opened at Oxford, the seal was intact. The empty barrel was apparently dry, and no head to the barrel was in the car. The reasonable inference from these facts is, that the barrel was empty when it was put in the car at New Orleans, and that there was the same number of barrels in the same condition as they were when started from New Orleans. Plaintiffs have failed to show any loss or injury while the goods were in transit.

Affirmed.