# SEPTEMBER TERM, 1908

CASE 40.—PROSECUTION AGAINST ADAMS EXPRESS CO. FOR CARRYING SPIRITUOUS LIQUORS INTO LOCAL OPTION TERRITORY.—September 23.

## Adams Express Co. v. Commonwealth

Appeal from Washington Circuit Court.

I. H. THURMAN, Circuit Judge.

Defendant convicted and appeals—Affirmed.

1. Intoxicating Liquors—Delivering Liquors into Local Option Territory—Offenses——Indictment.—An indictment alleging that accused was a common carrier, an incorporated or joint-stock company, and that it brought and delivered liquor into a local option territory to another than a licensed physician or druggist, charged a violation of Acts 1906, p. 320, c. 63, prohibiting persons from delivering liquors into a local option territory, provided that individuals may bring into such territory on their own person, or as their personal baggage, such liquors, and provided the act shall not apply to licensed physicians or druggists to whom carriers may deliver such goods, etc., and it sufficiently negatived the provisos.

2. Indictment and Information—Statutory Offenses.—An indictment under a statute whose enacting clause contains exceptions must negative such exceptions, but need not do so in the terms of the statute, provided the whole indictment leaves no doubt that accused does not belong to the excepted class.

3. Intoxicating Liquors—Bringing Liquors into Local Option Territory—Offenses—Evidence—Sufficiency.—On a trial of an express company for bringing and delivering spirituous liquors into local option territory, evidence held to justify a finding that the company or its agents knew or had reason

to know that the package delivered contained intoxicating liquors, justifying a conviction, though, if the agents were actually deceived and acted in good faith, the company would not be liable.

4. Carriers—Conduct of Business—Notice to Agent.—Carriers must obey the law, and their agents must exercise the same kind of judgment in the employer's business as if doing business for themselves, and what would convince them that a certain fact exists is notice to the carrier of the existence thereof, so that agents must act on knowledge, probabilities, information, and judgment and infer facts as men generally do in similar matters when acting for themselves.

5. Intoxicating Liquors—Bringing Liquors into Local Option Territory—Offenses—Instructions.—An instruction on the trial of an express company for bringing liquor into local option territory, in violation of Acts 1906, p. 320, c. 63, that if the jury believed that the company's agents receiving and bringing the box of liquor into the territory and in delivering the same to a person there acted in good faith, believing the box contained something other than whisky, they should find the company not guilty, was more favorable to the company than it was entitled to for, in addition to the good faith, the agents must act with ordinary caution.

6. Same—Inspection of Goods.—Where a carrier has reasonable suspicion that a shipper is attempting to use its vehicle to violate the law, it ought to require enough evidence of the legality of the shipment to satisfy a reasonably prudent mind that the suspicion is not well founded, though, in the absence of statutory right of inspection, a carrier is not bound to have more knowledge than he has notice of.

7. Same.—Acts 1906, p. 320, c. 63, prohibiting any person from delivering liquor into local option territory, is not enacted for the benefit of commerce, but aims to protect people from the vices of an article of commerce deemed an evil, and the legislation is anti-commercial, and, where a carrier knows that an article is contraband, it must be rejected no matter what the shipper may say to the contrary.

JOHN W. LEWIS attorney for appellant.

LAWRENCE MAXWELL, JR., of counsel.

## QUESTIONS DISCUSSED AND AUTHORITIES.

1. An idictment for an offense created by statute must describe

the offense in the words of the statute or in words of similar import. And if the statute creating the offense contains exceptions and provisos in its enacting clause it is necessary to negative such exceptions or provisos in the indictment so as to show the defendant does not come within any of them. (Connor v. Commonwealth 13 Bush 714 and authorities therein cited; Daviess Gravel Road Company v. Commonwealth, 14 Ky. Law Rep., 812; Knoxville Nursery Co. v. Commonwealth, 21 Ky. Law Rep., 1483; Acts of March 21, 1906, 321.)

2. Error of the court in excluding material and competent evidence offered by appellant proving good faith.

3. Effect of fraud and deception practiced on appellants agent is to exonerate it in law. (Bishop on Statutory Crimes, sec. 132; L. & N. R. R. Co. v. Commonwealth, 31 Ky. Law Rep., 687.)

4. Appellant's agents could not lawfully open the package in order to ascertain its contents. (Gowdy, &c., v. Lyon, &c., 9 Ben Monroe, 113, and authorities there cited; Keith v. Amende, 1 Bush, 459; State v. Swett, 87 Me., 113; 32 Atl., 806; Couch v. London & Northwestern Railway Co., 14 C. B., 255-291, et seq; Nitro-glycerin case U. S., 15 Wallace, 539.)

5. The indictment not stating a public offense within the jurisdiction of the court a peremptory instruction to find the defendant not guilty should have been given. (Same authorities supporting subject 1, Criminal Code of Ky., secs. 276 and 278.)

JAMES BREATHITT, Attorney General, and TOM B. McGREGOR, Assistant Attorney General, for Commonwealth.

The Commonwealth contends as follows:

1. That the indictment is good and is a substantial compliance with the statute.

2. That the court did not err in refusing to allow appellant to prove certain statements offered.

3. That the court properly instructed the jury.

4. That appellant had a fair trial.

This court has held by an unbroken line of decisions that it will not reverse a case upon the ground that the lower court refused to give a peremptory instruction to the jury to find for the defendant where there is any evidence conducing to show his guilt. (Black on Intoxicating Liquors, secs. 444-446.)

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR—
Affirming.

Appellant, a common carrier, was indicted and con-
victed, charged with the statutory offense of bringing
and delivering spirituous liquors into local option
territory to another than a licensed physician or drug-
gist. The indictment was drawn under Acts 1906, p.
320, c. 63, which makes it unlawful for "any person
or persons, individual or corporation, public or pri-
vate carrier to bring into, transfer to other person or
persons, corporations, carrier or agent, deliver or
distribute, in any county, district, precinct, town or
city, where the sale of intoxicating liquors has been
prohibited or may be prohibited, whether by special
act of the General Assembly, or by vote of the people
under the local option law. * * * Provided individ-
uals may bring into such district, upon their person
or as their personal baggage, and for their private
use, such liquors in quantity not to exceed one gallon:
and provided, the provisions of this act shall not
apply to licensed physicians or druggists, to whom
any public carrier may deliver such goods, in unbroken
packages, in quantity not to exceed five gallons at
any one time."

Appellant argues that the indictment is bad on
demurrer because it does not negative all the provisos
of the act. It did charge that the person to whom the
liquor was delivered was not a licensed physician or
druggist; but it did not say that the liquor was not
brought into the local option territory by the defend-
ant upon its person, or as its personal baggage, for its
own use and in a quantity not more than one gallon.
Nor was it necessary to have so pleaded in terms. The

indictment alleges that the accused was a common carrier, an incorporated or joint-stock company. Such a person, being purely artificial, was not intended to be embraced in the exception just alluded to, but that exception was designed for the benefit of natural persons only. An artificial person cannot have personal baggage any more than it could drink the liquor. So that, while the general rule may be that, in drafting an indictment under a statute whose enacting clause contains exceptions, the indictment must negative such exceptions, it is not necessary to do so in the terms of the statute, provided the whole indictment does so in language that leaves no doubt that the accused does not belong to the excepted class. This indictment is good under that rule of pleading. The liquor in this case was a box containing bottles of whisky shipped from a point in Nelson county, Ky., to Springfield, Ky., and wholly within this State. Springfield is a local option town. The box did not have any marks upon it to indicate its contents, nor did the waybill accompanying it show what the box contained. The shipper and the consignee each declared that the box contained paint. The shipper was a distiller's clerk. The consignee a painter. Both were known, respectively, to the agents of appellant receiving and delivering the box. At the receiving point there was only a distillery—a flag station on the Louisville & Nashville Railroad. The express company's agent on the train who received the box suspected its contents. He inquired of the distiller's agent, whom he knew, what the box contained. The receiving agent also suspected the contents of the box. He asked the consignee what it contained. Each of them testified that they believed the statements that it contained paint. The box was not marked,

probably to conceal the nature of its contents. The waybill made out by the express train agent may or may not have failed to show what the box was represented to contain for the same reasons. The shipper's clerk falsely stated the box's contents for the same reason, and the consignee, for like reason, misrepresented the fact, though he says in his testimony that he said to the agent jokingly: "It might be paint." Now, if all these facts had actually deceived both of appellant's agents and they had acted in good faith and with due caution, the carrier would not be liable; for, although the statute contains no such qualification, it is rare when the law makes one ignorant of the fact and innocent of intent a malefactor. L. & N. R. R. Company v. Commonwealth, 126 Ky., 279, 103 S. W. 349, 31 Ky. Law Rep. 687. So the question for the jury was: Did the agents or either of them know, or have reason to know, of the real contents of the package, and were they, in spite of such notice as they may have had, actually deceived, although acting in good faith and with proper caution in the matter.

Common carriers ought to obey the law just like other people, not in merely keeping its letter while breaking its spirit, but keeping both letter and spirit under such circumstances as other people are expected to do. An agent of a common carrier is required to exercise the same kind of judgment, and to have as much sense in doing his employer's business, as if he were doing the business for himself; and what would convince him, or ought to, that a certain fact exists, is notice to his master of its existence. He must act on knowledge, probabilities, information, experience, use of judgment, infer facts from other established facts, as men generally do in similar matters when thinking or acting for themselves. In this

way the corporation is humanized, is made to see, hear, know, and exercise care, skill, judgment, and prudence, and is made amenable to the laws where intent, motive, and knowledge are elements of wrongs. The jury in this case evidently did not believe that appellant's agents were actually deceived as to the contents of the package. The following additional circumstances were in evidence, tending to show the agents to be culpable: Other packages shipped from the same distillery by the same express, unlabelled as to contents, had been declared upon falsely in order to deceive the carrier, and to evade the law. These agents had learned of the fact. They had been in the service for years, and knew the parties and their business and shipping methods, yet they took no precaution to protect themselves, their employer, or the public against a repetition of evasions of this statute. No other business was done at the point of shipment, except in connection with the distillery. The train stopped there for the accommodation mainly, if not solely, of that plant. It was in the habit of shipping whisky over that railroad and by express. It is quite likely that the agent was not deceived in fact; for, although it would probably have deceived him once or twice, he would become more wary, and would refuse to believe the trick which had been used successfully upon him before. The jury's verdict is not without a probable basis of truth. If every guilty man could demand a peremptory instruction merely because he said he was deceived, there would be a quick end to most jury trials. The jury was not deceived by the same facts. No one who is at all familiar with the history of the times, the cause of the enactment of the stringent laws of which the one now being discussed is a part, the

tricks and wiles of those who violate these laws, is often deceived by such matters.

The trial judge gave the jury the following instruction, among others: "If the jury further believe from the evidence that defendant's agents receiving and bringing said box of liquor from Bourbon, in Nelson county, to Springfield, in Washington county, Ky., and defendant's agent in delivering same to said Rogers acted in good faith, believing said box contained something other than whisky, you should find the defendant not guilty." This instruction was more favorable to the defendants perhaps than it was entitled to; for, in addition to the good faith of defendant's agents, they must have acted with ordinary care or due caution to avoid violation of the statute. As Bishop puts it (Bishop on Statutory Crimes, section 132) : "One who while careful and circumspect is lead into a mistake of facts" may be excusable. We are not prepared to say that the carrier has a right to open and inspect, or to require the shipper to submit to an inspection of, all goods shipped, unless the Legislature should so authorize, as we have no doubt it has the right to do; and, in the absence of such right of inspection, the carrier will not be bound to have more knowledge than he has or has notice of. But, where he has a reasonable suspicion that a shipper is attempting to use his vehicle to violate a law of the land, he may, as he ought, require enough evidence of the legality of the shipment to satisfy a reasonably prudent mind that the suspicion was not well founded. Authorities are cited by appellant, in some of which the ground is stated as that relied on for denying the right of inspection that it would be a burden to commerce. The State and federal governments have done much to foster commerce,

and the public policy has been upheld. But the statute in question here is not for the benefit of commerce. It rests upon a different conception. The Legislature is aiming to protect men, women, and children from the vices of an article of commerce, which is deemed by the Legislature an evil, and in doing so they have attempted to put a check upon a vehicle of commerce. The legislation is anti-commercial. It puts the peace and good order of society above its commerce in this particular. In construing and applying the statute, if the courts devitalize it by subordinating it to the supposed interests of commerce, the manifest legislative intent would be frustrated which is contrary to every allowable rule of statutory construction. Yet we do not go so far as to say that the carrier may require all shipments to be subjected to its inspection before undertaking to deliver them. But we do not say that, when the carrier knows that the article is contraband, it must be rejected, no matter what the shipper says to the contrary, and, if the carrier believes upon reasonable grounds that it is contrabrand, he may require reasonable assurances that it is not; and, if an inspection is reasonable and practicable under the circumstances may require an inspection. Let them be as careful to obey the law as they are to further their own interests, and there will be little doubt but that the law will be observed.

Other questions presented are not deemed material.

Judgment affirmed.