## ALABAMA & VICKSBURG RAILWAY COMPANY *v*. CASSELL DRUG COMPANY.

[59 South. 932.]

1. CARRIERS. *Freight. Bill of lading. Damages. Burden of proof. Condition on delivery.*

   A shipper in a suit for damages to freight in transit, against the delivering carrier, is not relieved from showing that the freight was in good condition when delivered to the initial carrier, by reason of the fact that the bill of lading issued to the shipper by such carrier described the property as being "in apparent good order, except as noted (contents and condition of package unknown), marked, consigned and destined as indicated below," etc.

2. SAME.

   This recital in the bill of lading simply means that the packages in which the shipment was boxed were in apparent good order, with reference to the external appearance and excludes any inference that the carrier admitted anything as to the condition of the contents thereof.

3. SAME.

   Since no presumption of negligence on the part of a carrier arises by reason of the fact of delivery by it of goods to a consignee in a damaged condition, the burden of proof is on the shipper to show that the goods were delivered to the delivering carrier or the initial carrier in good order.

APPEAL from the circuit court of Warren county.

HON. H. C. MOUNGER, Judge.

Suit by the Cassell Drug Company against the Alabama & Vicksburg Railway Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Hirsch, Dent & Landau* and *R. H. Thompson,* for appellant.

*N. Vick Robbins,* for appellee.

SMITH, C. J., delivered the opinion of the court.

In June, 1910, A. H. & F. H. Lippincott delivered to the Clyde Railroad Company a soda fountain for transportation to appellee at Vicksburg, Miss.; the last carrier, the one delivering the fountain at Vicksburg, being appellant, Alabama & Vicksburg Railway Company. This fountain was shipped in fifteen or sixteen separate boxes. When these boxes were opened by appellee at its place of business, the contents of one of them were discovered to be broken, and this suit was instituted to recover the damages which appellee sustained thereby, and from a judgment in its favor this appeal is taken.

There was no evidence introduced by either side indicating when, where, or how this damage occurred, and there was no evidence showing that the fountain was in good condition when delivered to the initial carrier. Appellee claims, however, that it was relieved from showing the condition of the fountain when it was delivered to the initial carrier by reason of the fact that the bill of lading issued to the shipper by such carrier described the property as being "in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned, and destined as indicated below," etc. In this appellee is in error. This recital in the bill of lading simply means that the boxes in which the various parts of the soda fountains were contained were in apparent good order with reference to the external condition thereof, and excludes any inference that the carrier admitted anything as to the condition of the contents of these boxes.

Since no presumption of negligence on the part of a carrier arises by reason of the fact of delivery by it of goods to a consignee in a damaged condition, unless it is also proven that the goods were delivered to such carrier, or, as in the case at bar, to the initial carrier, in good condition, the court below erred in refusing the peremptory instruction requested by appellant.

*Reversed and remanded.*