WELLS FARGO & Co. EXPRESS v. STATE.

Opinion delivered July 2, 1917.

1. EXPRESS COMPANIES—DUTIES AS COMMON CARRIERS—DUTY TO RECEIVE GOODS FOR SHIPMENT.—It is the duty of an express company as an interstate common carrier for hire, to receive for transportation to consignees upon its line in the State of Arkansas, any article which was not prohibited by the laws of the State.

2. LIQUOR—PROHIBITION AGAINST DELIVERY.—In Act 13, Acts 1917, there is no absolute prohibition against the delivery of alcohol. The act makes it lawful to deliver it for medicinal and mechanical purposes.

3. LIQUOR—DELIVERY BY EXPRESS COMPANY.—An express company does not violate Act 13, Acts 1917, by delivering alcohol to a person who intended to use it strictly for medicinal and mechanical purposes. An express company, being an interstate common carrier and having a public duty to perform, is not guilty of a violation of the statute, if it delivered alcohol to the consignee, if it acted with reasonable care or due caution to avoid a violation of the statute.

4. LIQUOR—DELIVERY BY EXPRESS COMPANY—PROOF OF GOOD FAITH.—Where an express company is prosecuted for the violation of Act 13, Acts of 1917, by delivering alcohol to a certain person within the State, evidence of the good faith of the express company is admissible, as a defense to the prosecution.

5. LIQUOR—INTERSTATE SHIPMENT—DELIVERY BY EXPRESS COMPANY.—When alcohol is shipped from a point out of the State to a point in the State and delivered by a common carrier to a person in the State, the duty devolves upon the carrier to use reasonable care to learn for what purpose it is to be used, and it can only deliver the alcohol when, in the exercise of such reasonable care it is convinced that the alcohol is to be used for strictly medicinal or mechanical purposes.

6. LIQUOR—DELIVERY BY EXPRESS COMPANY—GOOD FAITH.—The question of the good faith of an express company, which has delivered an interstate shipment of alcohol to a person within the State, is one of fact for the jury.

Appeal from Pike Circuit Court; *Jefferson T. Cowling,* Judge; reversed.

*J. C. Pinnix* and *Mehaffy, Reid & Mehaffy,* for appellant.

1. The question of good faith in the delivery should have been submitted to the jury, as a defense and not merely in mitigation of punishment. There must be an intent to violate the law—delivery itself is not a crime.

169 S. W. 604, 603, 606; 157 S. W. 908; 66 So. 115; 219 Fed. 334; 164 Ia. 112; 145 N. W. 45.

The consignee told the agent that the consignment was for medicinal purposes. A receipt was taken and a truthful record made as required by law and filed with the clerk. The testimony shows due caution.

The transaction was interstate commerce. The burden was on the State to show a violation of the law.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. Good faith is not a defense. 47 Ark. 109; 102 *Id.* 16; 45 *Id.* 356. The testimony of good faith was admissible only in mitigation of punishment and not as a defense. 49 Ia. 650; 10 Met. (Mass.) 259; 52 Mich. 577; 110 N. C. 560; 8 R. C. L., § 17.

2. A mistake of fact or ignorance of law is no defense. Bish. Stat. Cr. (3 ed.), § 132; 2 Wharton, Cr. Law (10 ed.), § 1507; 1 McClain, Cr. Law, § 128; 88 Ind. 145.

### STATEMENT BY THE COURT.

The Wells Fargo & Co. Express, a common carrier, was indicted in the Pike Circuit Court for bringing into and delivering whiskey in that county contrary to Act No. 13, approved January 24, 1917, being an act entitled "An Act to Prohibit the Shipment of Intoxicating Liquors Into This State," etc. The facts are as follows:

On March 2, 1917, Jas. R. Hogg & Co. delivered to Wells Fargo & Co. Express, at Poplar Bluff, Missouri, six quarts of alcohol consigned to C. E. Wilson, Murfreesboro, Pike County, Arkansas. On March 5, 1917, the agent of the express company at Murfreesboro delivered to Wilson six quarts of alcohol and took from him a certificate as follows:

"Murfreesboro, Ark., March 5, 1917.

"The undersigned, the consignee of six quarts alcohol for medicinal purposes, from James R. Hogg Dist. Co., at Poplar Bluff, Mo.

"As a condition to the delivery of said shipment to him by Wells Fargo & Co. Express, hereby certifies that

said alcohol is to be used for the purpose above stated, and is not intended to be used in violation of any law of the State of Arkansas.

"My business or location is feed business. My business address is Murfreesboro, and my residence is Murfreesboro.

(Signed)    "C. E. Wilson.<br>(Signature of Consignee.)

"Witness:    (Signed) Jas. Goodwin."

It was also shown on behalf of the express company that it had taken the advice of counsel learned in the law and that it had issued circulars to its agents directing them to take every precaution to keep from violating the law, and that the company had used every effort to comply with the provisions of the law.

In rebuttal the State proved that Wilson ran a feed store in the town of Murfreesboro, and that he was noticed to be under the influence of alcoholic stimulants shortly after he received the shipment in question. The jury returned a verdict of guilty, and from the judgment of conviction the express company prosecutes this appeal.

HART, J., (after stating the facts). This appeal involves the construction of an act passed at the last session of the Legislature, approved January 24, 1917, prohibiting the shipment of intoxicating liquors into this State, etc. Act 13, Acts of 1917. The particular sections necessary for a construction of the issues raised by this appeal are sections 1, 16 and 17, which are as follows:

"Section 1. That it shall be unlawful for any railroad company, express company, or other common carrier, or any officer, agent or employee of any of them, or any other person, to ship or to transport into, or deliver in this State in any manner or by any means whatsoever, any alcoholic, vinous, malt, spirituous or fermented liquors or any compound or preparation thereof, commonly called tonic, bitters or medicated liquors, from any other State, Territory or district of the United States, or from any foreign country, to any person, firm or corporation

within this State, when the said liquors, or any of them, are intended by the person interested therein to be received, possessed or sold, or in any manner used except as provided or sold, or in any manner used except as provided in section 17.''

"Section 16.   That in any indictment or presentment for any violation of this act it shall not be necessary to negative the exceptions herein contained, or that the liquors, bitters and drinks were ordered shipped, transported or delivered for any of the purposes set out in the succeeding section hereof, but such exceptions may be relied upon as defense and the burden of establishing the same shall be upon the persons claiming the benefits thereof.''

"Section 17.   That nothing in this act shall make it unlawful (1) for any priest or minister of any religious denomination or sect to order and have shipped and delivered, wine for sacramental purposes; nor for any common carrier, corporation or person to ship, transport, carry or deliver wine for said purposes to any priest or minister of any religious denomination or sect; (2) for any person, firm or institution to have shipped and have delivered alcohol for strictly medicinal or mechanical purposes; but records shall be kept by the carrier or delivering party of all such wines for sacramental purposes and all such alcohol, and statements thereof shall be filed with the clerk of the circuit court within ten days after such delivery.''

The circuit court, in effect, instructed the jury that the express company delivered the alcohol to Wilson at its peril and that the question of its good faith could not be considered except in mitigation of the punishment. The court likened it to the sale of liquor to a minor where such sale is prohibited by statute.   In *Redmond* v. *State,* 36 Ark. 58, the court held that one who sells liquor to a minor without the written consent of his parent or guardian, violates the statute, although he is informed and believed at the time that the minor is of full age.   The court further held that an honest mistake as to the minor's age

would mitigate the penalty. It is insisted that by analogy this principle controls here. We do not think so. There the prohibition of the statute was absolute. Under the statute one could not sell liquor to a minor without the written consent of his parent or guardian, and a sale made to him without such consent was illegal, whether the seller knew him to be a minor or not. The offense was one where guilty intent was not an essential ingredient in its commission and need not be approved. In short, the court held that in such a case the liquor dealer acts at his peril and must ascertain the facts.

(1-2) Section 17 of the act under consideration expressly provides that it is not unlawful for any person, firm or institution to have shipped and delivered alcohol for strictly medicinal and mechanical purposes. It was the duty of the express company as an interstate common carrier for hire to receive for transportation to consignees upon its line in the State of Arkansas any article which was not prohibited by the laws of the State. There was no absolute prohibition against delivering alcohol, but on the other hand the act made it expressly lawful to deliver it for strictly medicinal or mechanical purposes. The express company would not violate the statute if it delivered the alcohol to a person who intended to use it for strictly medicinal or mechanical purposes. The express company, being an interstate common carrier and having a public duty to perform, if it acted with reasonable care or due caution to avoid a violation of the statute, it should not be deemed guilty. Mr. Bishop says that a statute will not generally make an act criminal, however broad may be its language, unless the offender's intent concurred with his act, because the common law does not. Bishop on Statutory Crimes (3 ed.), § 132. Continuing in the same section, the learned author said:

(3-4-5) "One who, while careful and circumspect, is led into a mistake of facts, and, doing what would be in no way reprehensible were they what he supposes them to be, commit what under the real facts is a violation of a criminal statute, is guilty of no crime; because such is the

rule of the common law, and in construction it restricts the statute. Yet in some instances of this sort he incurs a civil liability.'' See also 1 McClain on Criminal Law, § 128; *Adams Express Co.* v. *Commonwealth* (Court of Appeals of Kentucky), 169 S. W. 603; *Adams Express Co.* v. *Commonwealth* (Court of Appeals of Kentucky), 112 S. W. 577. In the application of this principle the court should have admitted the testimony tending to show the good faith of the express company as a defense to the action and the court erred in not doing so and in limiting the testimony on this point to the mitigation of the punishment. It was the duty of the express company in receiving and carrying the alcohol from Poplar Bluff, Missouri, to Pike County, Arkansas, and in delivering it to Wilson at Murfreesboro to have acted in good faith and to have acted with ordinary care or due caution to avoid a violation of the statute. Common carriers are required to obey the law in like manner as other people are required to obey it. Its agents are required to exercise the same judgment as a reasonably prudent man would be required to exercise in the conduct of his own business. In short, when alcohol is shipped from a point out of this State to a point in the State and delivered by a common carrier to a person in this State, the duty devolves upon the carrier to use reasonable care to learn for what purpose it is to be used, and it can only deliver the alcohol when in the exercise of such reasonable care it is convinced that the alcohol is to be used for strictly medicinal or mechanical purposes. As stated in *Adams Express Company* v. *Commonwealth,* 169 S. W. 603, if the express company acts upon reasonable grounds in good faith after such investigation as ordinary care requires, and is misled, it is not liable; otherwise, it is liable. So, too, in the case of the *State* v. *Southern Express Co.,* 66 So. 115, in discussing this question, the Supreme Court of Alabama said:

''If in good faith and after proper investigation a common carrier of interstate commerce delivered liquors to a consignee without any knowledge upon its part that

such liquors are intended by the consignee for illegal use, then such carrier can not, we think, be held to have violated any law of this State.''

In the case of *Jas. Clark Distilling Co.* v. *Western Maryland Railroad Co.,* 219 Fed. 334, the court held:

''Where intoxicating liquors are offered to a carrier for transportation from Maryland into West Virginia, for the alleged personal use of the consignee, the carrier is not bound at his peril to make sure that the liquors are not intended to be used contrary to the laws of such State, but is only required to act in good faith in a *bona fide* effort to prevent its instrumentalities being used to aid a violation of the law.'' The court said:

''In this case nothing need be decided other than that the defendant as a common carrier is bound to receive for shipment, and to transport and deliver in West Virginia, such liquors as are intended solely for the personal use of the consignee, even though the orders for them had been solicited by letters mailed at points outside the State. It has no right to accept for shipment, or to deliver in West Virginia, liquors which are intended by any person interested therein to be used in any way forbidden by the law of that State.

It is not bound at its peril to make sure that no liquor transported by it is intended to be used contrary to the State law. It need not create or maintain any special staff of investigators or detectives to aid it in determining such questions. It must, however, act in good faith. Its agents and employees who handle such shipments for it must keep their eyes open, and must exercise common sense to prevent it and its instrumentalities being used as aids in violation of the law.''

(6)    The question of the good faith of the express company in delivering the alcohol to Wilson was a question of fact for the jury in this case and the court should have instructed the jury as above indicated.

For the error in not doing so, the judgment must be reversed and the cause remanded for a new trial.