WELLS FARGO & CO. v. SPRAGUE.
(No. 5943.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 19, 1917.)

1. CARRIERS ⬦115—CARRIAGE OF GOODS—NEGLIGENCE.

Where the precooling of refrigerator cars took place after the delivery of fresh vegetables to the carrier, negligence in precooling and icing the cars is attributable, not to the shipper, but to the carrier.

2. APPEAL AND ERROR ⬦742(6)—ASSIGNMENTS OF ERROR—STATEMENT.

Where the statement under an assignment of error was unsatisfactory and failed to show that the finding of the court complained of was not supported by the statement of facts, the appellate court need not examine the statement of facts in order to determine that question.

3. CARRIERS ⬦132—CARRIAGE OF GOODS—NEGLIGENCE—BURDEN OF PROOF.

Where a carrier undertook to precool refrigerator cars and to ice them during transit and the shipment was injured by failure to properly precool and ice the cars, the carrier has the burden of proving that it exercised due care notwithstanding it had no precooling plant at the place of shipment.

4. CARRIERS ⬦150—CARRIAGE OF GOODS—NEGLIGENCE.

Even as respects an interstate shipment a carrier cannot contract against liability for its negligence.

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Action by Jack Sprague against Wells Fargo & Co. From a judgment for plaintiff, defendant appeals. Affirmed.

Morrison & Robards, of San Benito, and Baker, Botts, Parker & Garwood, of Houston, for appellant. Spears & Montgomery, of San Benito, for appellee.

FLY, C. J. This is a suit for damages to three cars of green corn and ripe tomatoes shipped from points in Cameron county, Tex., to Chicago, Ill. It was alleged that the three cars were properly loaded with the corn and tomatoes, the same being fresh and in good condition to be iced, precooled, refrigerated, and shipped to Chicago and delivered there in good condition to Roy Campbell, the consignee, in consideration of the charges demanded by appellant; that, after the three cars had been properly loaded and delivered to appellant, the ventilators in two of them were closed by fastening heavy paper over them in order that they might be precooled, but after such precooling the paper should have been, but was not, removed and the air could not circulate, but became dead and stale, and the temperature necessary to protect the corn and tomatoes from spoiling could not be maintained, and the products were injured thereby. It was further alleged that the cars were not properly and sufficiently iced while on the road to keep it at such temperature as was necessary to protect the shipment from heat and deterioration, so that the corn and tomatoes were greatly damaged when they reached Chicago. The cause was tried without a jury, and judgment rendered in favor of appellee for $2,413.90.

[1] The court filed his conclusions of fact which we find are supported by the statement of facts. The precooling of the cars took place after the delivery of the products to appellant, and after appellee had lost all authority or control over them, and the negligence of allowing the paper to remain over the ventilators was that of appellant, and that negligence, together with the failure to properly ice the cars while en route, caused the damages to the corn and tomatoes in the sum found by the court.

[2-4] The first assignment of error attacks the conclusion of the court that the damages arose from a failure to maintain the temperature in the cars at 45 to 55 degrees Fahrenheit. The statement made under the assignment of error is quite unsatisfactory and

fails to show that the finding of the court was not supported by the statement of facts. It is not incumbent on the court to examine the statement of facts in order to ascertain if the contentions of appellant are true. Appellant asked appellee if he desired to have the cars precooled, and it took charge of the precooling. It does not matter whether it had a precooling plant or not; it devolved upon appellant to see that the precooling was properly done and that the cars were in proper order before the shipment began its journey. This it failed to do, and it also failed to show that the bunkers in the cars were kept filled with ice. The corn and tomatoes arrived in Chicago in bad condition, and the burden rested on appellant to show that it had exercised reasonable care in icing the cars. When cars 102 and 105 were tendered for delivery at Chicago, the temperature was 70 degrees at the bottom and 76 degrees at the top; the temperature should have been between 45 and 55 degrees. Negligence was shown as to the ventilation and icing. The contents of the two cars were practically valueless, and appellee was under no obligation to receive the cars. Appellant could not contract against its negligence, no matter if the shipment was an interstate one. The authorities cited by appellant do not hold contrary to this proposition.

The sixth assignment of error does not point out any error of which it may be desired to complain, and is overruled.

No error is indicated by the brief, and the judgment is affirmed.