**FOWLES v. LOUISVILLE & NASHVILLE R. R. CO.**

---

(February 2, 1931.   Opinion and Decree.)

---

S. S. Goldman, of New Orleans, attorney for plaintiff, appellant.

N. P. Phillips and J. H. Morrison, of New Orleans, attorneys for defendant, appellee.

JANVIER, J. This is a suit to recover the amount paid for reconditioning certain furniture alleged to have sustained damage as the result of rough handling while being transported by defendant railroad company and connecting carriers from Niagara Falls, N. Y., to New Orleans, La.

The railroad company contends that the furniture was loaded into the car at point of origin and unloaded at destination by agents or employees of plaintiff; that defendant had nothing whatever to do with either the loading or unloading; and that plaintiff has not sustained the burden placed upon her by such circumstances of showing that the damage complained of did not exist prior to the shipment and that the various articles were properly crated and packed into the car.

Judgment was rendered in the trial court in favor of the defendant, and plaintiff has appealed.

Counsel for plaintiff and appellant frankly admits that only a question of fact is involved, and that thus he is under the necessity of convincing us that the judgment appealed from is manifestly erroneous; but he courageously undertakes this task and strives diligently to show that the judge, a quo, labored under the misapprehension that there was involved a question of law and that a determination of this question in favor of defendant made a judgment against plaintiff imperative.

In view of the fact that the trial judge gave no reasons for his judgment, we are unable to determine whether his decision was based on his analysis of the evidence or on his belief that the law applicable left him no other course; but, in the light of counsel's frank admission that there rests on plaintiff the duty of showing that the articles were in good condition when shipped, and were properly crated and properly loaded and, because of the fact that the evidence, as we read it, falls far short of being sufficient to discharge this burden, we cannot escape the conviction that his Honor below decided the matter on the issues of fact presented.

Since there is no dispute as to the law applicable to a suit for damages to a shipment made under what is known as a "shipper's load and count" bill of lading, we deem it unnecessary to do more than to merely state that where the car is furnished to the shipper who himself loads his goods, he cannot recover for damages until he has alleged and shown that the goods, when loaded, were not in the same damaged condition later complained of and that the goods were properly boxed or crated, if either appears to be necessary and customary, and were properly loaded and braced in the car.

Here the evidence of the persons who attended to the crating and loading of the articles shows that most of them were in bad condition when loaded and that the loading was not properly done. We feel that plaintiff has not successfully sustained the burden of proof under which she labored, and that therefore the decision below was correct.

The judgment appealed from is affirmed, at the cost of appellant.

WESTERFIELD, J., absent and takes no part, HUGH C. CAGE, Judge of Civil District Court, Parish of Orleans, and Judge ad hoc, participating.