171 So. 273

**LOUISVILLE & N. R. CO. v. HENDRICKS.**

3 Div. 169.

Supreme Court of Alabama.

Oct. 15, 1936.

Rehearing Denied Dec. 17, 1936.

C. E. Hamilton, of Greenville, Mc-Millan & Caffey, of Brewton, and Steiner, Crum & Weil, of Montgomery, for appellant.

C. B. Fuller, of Andalusia, and A. H. Elliott, of Brewton, for appellee.

BOULDIN, Justice.

Action against carrier for injury to goods while in transit.

Count A of the complaint claimed stated damages "for injury of certain goods, the plaintiff's property, namely one carload of turnip greens received by the defendant as common carrier, to be delivered by the de-

fendant to I. N. Price and Company at Cincinnati, Ohio, for a reward; and plaintiff says that injury was received by said turnip greens while in the possession of defendant as such common carrier, and during transit."

This is in Code form of complaint in action "On a bill of lading of a common carrier." Code, § 9531, form 15. This form is based on the common-law liability; that of an insurer against injury in transit save from the act of God, the public enemy, the fault of the shipper, or the inherent perishable quality of the goods.

Under our liberal system of pleading such form is available in an action on an interstate bill of lading, although such complaint, on its face, discloses the goods are perishable in nature.

The defendant, by plea of the general issue, negatived the fact of injury while in the possession of the carrier as such. By special plea may be presented any one of the common-law exceptions above noted or lawful limitations of liability stipulated in the bill of lading.

■ Count A was not subject to demurrer. Atlantic Coast Line R. Co. v. J. S. Carroll Mercantile Co., 213 Ala. 234, 104 So. 413; Atlantic Coast Line R. Co. v. J. S. Carroll Mercantile Co., 210 Ala. 284, 97 So. 904; Southern Railway Co. v. Webb, 143 Ala. 304, 39 So. 262, 111 Am.St.Rep. 45, 5 Ann.Cas. 97; Louisville & Nashville Railroad Co. v. Landers, 135 Ala. 504, 33 So. 482; Nashville, Chattanooga & St. Louis Railway Co. v. Parker & Co., 123 Ala. 683, 27 So. 323.

■ To make out a prima facie case under this count, on plea of the general issue, the plaintiff had the burden to prove the material facts alleged: The receipt of the goods by the carrier for transportation to the point of destination, for a reward; that the goods were injured in transit, and the damages resulting therefrom.

■ Plaintiff's evidence was directed to the condition of the shipment on arrival at its destination. There was an entire absence of direct proof that the turnip greens were in good condition when received at Brewton by the carrier. There was a full carload, weight given at 24,000 pounds; most of these were in crates, some of 150 pounds, some 50 pounds. The shipment was loaded by the plaintiff, owner and shipper. The bill of lading stipulated the goods were received "in apparent good order, except as noted (contents and condition of contents of packages unknown)." This stipulation negatives any knowledge of the condition of the greens on the part of the carrier; is not an admission they were in good condition. In these circumstances proof that the greens were in good condition when received by the carrier was part of plaintiff's case, one of the elements to establish the claim that the injury arose in transit.

Evidence was presented tending to show the greens, or most of them, were injured by processes of decay en route, becoming heated for want of proper circulation of ice-cooled air, defective refrigeration. But the extent of such injury, assuming the carrier was liable therefor, was wholly speculative, in the absence of evidence of the condition of the goods when received by the carrier. The plaintiff testified to the value when delivered to the carrier, inferentially a value based on good marketable condition at the time.

■ Conceding that the evidence was such that the jury might reasonably infer substantial injury from breach of contract on the part of the carrier, the state of the evidence did not warrant the giving of the general affirmative charge for plaintiff, resulting in a verdict for the full value of a shipment in good condition when received by the carrier. The giving of such charge was error. Atlantic Coast Line R. Co. v. Enterprise Oil Co., 211 Ala. 676, 101 So. 605; Cooper & Co. v. Georgia Pac. Railway Co., 92 Ala. 329, 9 So. 159, 25 Am.St. Rep. 59; Clark et al. v. Barnwell et al., 12 How. 272, 13 L.Ed. 985; St. Louis, Iron Mountain & Southern Railway Company v. Knight, 122 U.S. 79, 7 S.Ct. 1132, 30 L. Ed. 1077; Alabama & V. Ry. Co. v. Cassell Drug Co., 102 Miss. 843, 59 So. 932; Mears et ux. v. New York, N. H. & H. R. Co., 75 Conn. 171, 52 A. 610, 56 L.R.A. 884, 96 Am.St.Rep. 192; Fowles v. Louisville & N. R. Co., 15 La.App. 421, 132 So. 240; 10 C.J. p. 371, p. 571; note, 53 A.L.R. 996, 998.

The evidence disclosed the car was loaded at Brewton, Ala., by plaintiff, consignor and owner of the goods. They were consigned to I. N. Price & Co., Brokers, Cincinnati, Ohio, to be handled on a commission basis.

The evidence tended to show that on arrival in Cincinnati the greens, or most of

them, had become worthless and unfit for human consumption; that internal heat had developed, smoke was rising from the car, and the contents were burnt, turned yellow, etc. The cause of this, as evidence tended to show, was improper loading of the car. The crates had been crammed together, when they should have been arranged in tiers and separated by strips permitting the ice-cooled air from top icing to circulate through the contents. By special pleas the carrier sought to defend against liability, because the injury was due to the fault of the shipper in loading the car in such manner that the refrigeration was ineffective.

The shipment was under "Uniform Straight Bill of Lading (Prescribed by the Interstate Commerce Commission)."

This contract declared in terms that the "carrier * * *' shall be liable as at common law for any loss thereof or damage thereto, except as hereinafter provided." It then names as exceptions the "act of God, the public enemy * * * or the act or default of the shipper or owner, or for natural shrinkage. * * * Except in case of the negligence of the carrier * * * (and the burden to prove freedom from such negligence shall be on the carrier * * *) the carrier * * * shall not be liable for loss * * * resulting from a defect or vice in the property."

At common law, as held by this court in South & North Alabama Railroad Co. v. Henlein & Barr, 52 Ala. 606, 613, 23 Am.Rep. 578, the carrier was not liable as an insurer of perishable products. This case, however, in line with our later cases and authorities generally, declared the carrier under duty to take reasonable care to prevent loss of perishable goods.

In McCarthy & Baldwin v. Louisville & Nashville Railroad Company, 102 Ala. 193, 14 So. 370, 48 Am.St.Rep. 29, this court clearly declared the rule that pleading and proof showing the owner was at fault in loading or packing goods was not a good defense, unless they negative any negligence on the part of the carrier.

Not concerning ourselves with cases involving inclosed packages of goods whose contents are not open to the observation of the carrier, or cases against connecting carriers who receive sealed cars, we deal with the case in hand, the receipt of a car loaded with goods obviously perishable, which the carrier undertakes to deliver to a distant point with the aid of modern refrigeration.

This class of business, now grown to large proportions, of much concern to both shipper and carrier, calls for the special care and precautions which such undertaking demands.

Defendant puts some reliance on Southern Ry. Co. v. Frank De Latour, Inc., 223 Ala. 245, 135 So. 187. This case involved a shipment of turkeys loaded by an agent of the shipper sent out as a special expert in loading, etc., and the evidence, as found by the court, disclosed that he overloaded the car, failed to comply with the rules regarding proper ventilation in a poultry car, and, as a consequence, many of the turkeys were smothered in transit. That case is not a departure from the rule in the McCarthy Case, which is quoted from and differentiated.

Nothing appears here as to knowledge or professed knowledge of the shipper as to loading a car so as to assure proper refrigeration. It appears he was shipping greens grown in part by himself, and in part purchased from others.

So far as appears, the carrier, or some one acting for him, iced the car. There is no showing that the manner in which the car was loaded, as affecting refrigeration, was not known, or ascertainable by due diligence.

It was the right of the carrier to reject the shipment, if so loaded that it would perish, notwithstanding the car was iced in the usual way. The carrier should have notified the shipper, that it might be reloaded in a proper manner.

On sound reason, as well as authority, we are of opinion that the initial and sole carrier of perishable goods, shipped under Uniform Bill of Lading in carload lots in refrigerator cars furnished by the carrier, is prima facie liable for injury resulting from defective refrigeration.

Whether lack of effective refrigeration is due to insufficient icing, or to a failure of the ice-cooled air to properly circulate, is immaterial. Due care in seeing that the refrigeration is effective is just as essential as furnishing the car and the ice.

Although the shipment was loaded by the shipper, in the absence of special

averment and proof of facts which impose on him the sole duty to load with reference to effective refrigeration, or of such wrongful act on his part as to mislead the carrier, the duty of vigilance and care in providing actual refrigeration is a part of the contractual obligation of the carrier to safely carry goods, known to be of such perishable nature that refrigeration is necessary. Negligence, as applied to a count ex contractu, is the failure to meet such contractual obligation.

▆ That the shipper is lacking in knowledge or skill in loading, or negligent in any way, is no defense against the carrier's negligence.

Our McCarthy Case, supra, has been cited, followed, and the principles there announced applied in our own later cases, as well as in many cases by text-writers and annotators.

The trend and weight of authority, we think, supports the views we have expressed as applicable to the case in hand. Atlantic Coast Line R. R. Co. v. Rice, 169 Ala. 265, 273, 52 So. 918, 29 L.R.A.(N.S.) 1214, Ann.Cas.1912B, 389; Atlantic Coast Line R. Co. v. J. S. Carroll Mercantile Co., 210 Ala. 284, 97 So. 904; Atlantic Coast Line Ry. Co. v. Enterprise Cotton Co., 199 Ala. 57, 74 So. 232; Western Ry. of Alabama v. Hart et al., 160 Ala. 599, 614, 49 So. 371; United States v. Fruit Growers Express Company, 279 U.S. 363, 368, 49 S.Ct. 374, 73 L.Ed. 739; The Southwark, 191 U. S. 1, 24 S.Ct. 1, 48 L.Ed. 65 (Harter Act [46 U.S.C.A. §§ 190–195]); Wells Fargo & Co. v. Sprague (Tex.Civ.App.) 199 S.W. 657; Batchelder & Snyder Co. v. Union Freight R. Co., 259 Mass. 368, 156 N.E. 698, 54 A.L.R. 616; 4 R.C.L. pp. 683, 684, § 157; 10 C.J. p. 92, § 101; note, 81 A.L.R. 819.

We find no error in the rulings on pleas setting up the fault of the shipper in loading the greens. They do not set up facts acquitting the carrier of negligence, or breach of contract obligation, as above defined.

Other questions raised on appeal do not appear to call for special treatment. The substantial issues to be tried are sufficiently indicated in the foregoing.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.