10 So.2d 414

**ALABAMA GREAT SOUTHERN R. CO. v. DAVIDSON.**

2 Div. 701.

Court of Appeals of Alabama.

Nov. 10, 1942.

Ira D. Pruitt and Geo. O. Miller, both of Livingston, for appellee.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

BRICKEN, Presiding Judge.

This case concerns an interstate shipment of a carload of green, round, stringless beans, from Cuba, Sumter County, Alabama, to Cincinnati, Ohio.

Plaintiff's suit was against the initial carrier upon which he recovered a judgment for its alleged failure to transport and deliver said carload of beans to the consignee within a reasonable time.

Upon the trial of the case the testimony disclosed without substantial dispute that the appellant company, the initial carrier, placed a refrigerator freight car, Brex.

No. 75375, on its side tracks at Cuba, Sumter County, Alabama, on Wednesday night, May 24, 1939, to be used by it and its connecting carrier in the transportation and delivery of said beans; that said car was loaded by plaintiff with green, round, stringless beans No. 1. in grade, packed in 651 bushel crates and was closed and made ready for transportation and delivery by said carrier by 10 o'clock, P. M. on said night of May 24, 1939.

Plaintiff introduced in evidence the bill of lading received by him from the defendant, showing the receipt of said beans in apparent good order, for transportation and delivery at Cincinnati, Ohio, to the shipper, J. C. Davidson, who testified that while in transit said carload of beans were on May 25, 1939, reconsigned to Gentile Bros., Cincinnati, Ohio, who were plaintiff's selling agents and commission brokers at Cincinnati, and with whom plaintiff had previously done business of a similar kind and nature.

The defendant's evidence tended to show that said carload of beans arrived at Cincinnati, at 9:35 Friday May 26, 1939, and that shortly thereafter, viz: 10:30 A. M. of that same day Gentile Bros. were notified by telephone by the connecting carrier, of the arrival of the beans.

The sole question of merit presented by this record is whether or not said beans were transported and delivered within a reasonable time.

This question was submitted to the jury under a very explicit and correct charge of the trial court.

The defendant upon the trial below, requested the affirmative charge in writing. The trial court refused said charge and this action of the court is assigned as error.

The jury returned a verdict in favor of the plaintiff, assessing his damages at $169.46, upon which the judgment was pronounced and· entered.

Thereafter, within the time allowed by law, the defendant filed its motion for a new trial alleging, among other things, that the verdict of the jury, and the judgment of the court was (a) contrary to the law of the case, (b) was contrary to the great preponderance and weight of the evidence, and (c) that the trial court

erred in refusing to give the general affirmative charge, also, to charge the jury that they could not find for plaintiff except for nominal damages.

The trial court overruled said motion for a new trial, and this action of the court is also assigned as error.

The contention of the appellant is, that under the bill of lading, the duty imposed on a common carrier by railroad is the duty to *transport* without negligence and with reasonable dispatch.

■ This court is of the opinion that the duty imposed upon the carrier, in the case at bar, under the bill of lading introduced in evidence was the duty to *transport* and *deliver* without negligence and within a· reasonable time the carload of beans in question. Atlantic Coast Line R. Co. v. Enterprise Oil Co., 211 Ala. 676, 101 So. 605; Louisville & Nashville R. Co. v. Hendricks, 233 Ala. 259, 171 So. 273, 275.

■ The duty to deliver after transportation is, under the bill of lading, co-extensive with the duty to transport.

The bill of lading in the instant case, "agrees to carry to its usual place of delivery at said destination" the carload of beans in question.

Plaintiff's witness Prebble, testified, in substance, that the place of delivery in Cincinnati of carload shipments of produce to Gentile Brothers, was the private tracks of Gentile Brothers at the Vine Street Yards of the delivering carrier.

The defendant's evidence, as we have noted, tended to show that the beans in question reached Cincinnati at 9:35 A. M. Friday May 26, 1939, and that it took approximately 30 minutes to shift or switch the car to Vine Street Yards.

Plaintiff's evidence tended to show that when carload shipments, consigned to Gentile Brothers, reached Cincinnati, they were automatically transferred to the private tracks of Gentile Bros., at Vine Street Yards.

We are of the opinion, based upon the testimony as disclosed by the record in this case, that if the delivering carrier had acted with due diligence upon the arrival of said carload of beans in Cincinnati, said beans would have reached the private tracks of Gentile Brothers, at or near Vine Street Yards around the

hour of 10 o'clock A. M. or shortly after, on the morning of Friday, May 26, 1939, and therefore in time for the Friday morning Cincinnati bean market on that day, which closed at 2:30 o'clock P. M.

The evidence in this record further tends to show that instead of actually transferring the car of beans to the private tracks of Gentile Brothers, at Vine Street Yards, the delivering carrier began giving or attempting to give Gentile Brothers notices by telephone of the arrival of said carload of beans with request for instructions as to its delivery, which plaintiff's evidence tended to show was entirely unnecessary.

In the case of Louisville & N. R. Co. v. Hendricks, supra, which dealt with the shipment of a carload of turnip greens, a perishable, the court said:

"We deal with the case in hand, the receipt of a car loaded with goods obviously perishable, which the carrier undertakes to deliver to a distant point with the aid of modern refrigeration.

"This class of business, now grown to large proportions, of much concern to both shipper and carrier, *calls for the special care and precautions which such undertaking demands.*" (Emphasis supplied.)

■ Plaintiff proved the delivery to the initial carrier of a carload of green, round, stringless beans, in good condition of No. 1. grade, to be transported to Cincinnati from Cuba, Sumter County, Alabama, in an iced refrigerator car, for a reward, viz: in this case $240.28, and that when received by the consignee said beans were in a defective condition due to the delay in transporting and delivery, one or both, and too late for the market of the day of arrival, and that as the proximate result thereof he suffered the damages sued for.

Plaintiff's witness, Prebble, testified that there was a delay of about six hours and twenty minutes between the time of the scheduled arrival and the actual arrival of these beans in Cincinnati.

It is the opinion and judgment of this court that under all the evidence, whether or not there was unreasonable delay in the delivery of said beans was a question for the determination of the jury.

■ It is so well established in this State, as to need no citation of authority in support of the rule, that whenever there is a conflict in the evidence, or in the reasonable tendencies thereof, the affirmative charge should not be given.

After a careful examination of the record, and of all the testimony adduced upon the trial below, we are of the opinion there was no error in the action of the trial court in refusing to defendant the affirmative charge.

No error appearing, the judgment appealed from in this case will stand affirmed.

Affirmed.