BRUSKAS et al. v. RAILWAY EXPRESS AGENCY, Inc.

No. 3688.

United States Court of Appeals Tenth Circuit.

Feb. 7, 1949.

W. T. O'Sullivan, of Albuquerque, N. M., for appellants.

Earl Iden, of Albuquerque, N. M. (James T. Paulantis, of Albuquerque, N. M., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

James Bruskas, a minor, by Peter D. Bruskas, his father and next friend, and Peter D. Bruskas, individually, brought this suit against the Railway Express Agency, for damages sustained when a firework, known as a "whistling grenade" exploded in the hand of the minor James Bruskas, allegedly caused by the Express Agency's negligence in delivering fireworks to a thirteen year old consignee. Jurisdiction is based upon diversity of citizenship and requisite amount in controversy, both of which are present. Upon a trial without a jury, the court absolved the Express Agency of any actionable negligence, entered judgment accordingly, and plaintiffs have appealed.

Two questions are presented: was the Railway Express Agency negligent in delivering a shipment of fireworks to a thirteen year old consignee; and, if so, was such negligence the proximate cause of the accident.

The essential facts are not in dispute. Jerry Powers, a thirteen year old boy living in Yuma, Arizona, with permission of his parents, ordered the "American Boy's Assortment" of fireworks from the Spencer Fireworks Company of Poke, Ohio. The order was packed; the nature of the contents, together with directions as to handling and storage, were stamped boldly

on the outside of the package,[1] as required by the Interstate Commerce Commission, and it was delivered to the appellee Express Agency for transportation and delivery. After receiving notice that the fireworks had arrived, the consignee, together with appellant James Bruskas and others, went to the Express Agency's Office, paid the transportation charges, and obtained the package. After returning home, the consignee opened the package containing firecrackers, torpedoes, skyrockets, roman candle, salutes, two-shot repeaters, flares, fountains, sparklers and whistling grenades, and exhibited them to the other boys. Appellant, James Bruskas, asked for, and was given, a whistling grenade. After the grenade was lighted by one of the boys in the group, it smoked profusely, made a whistling noise, then suddenly exploded in the appellant's hand, mangling the palm and four fingers.

The State of Arizona has a statute regulating "the sale and use" of fireworks. Ch. 46, Session Laws 1941, Section 1 of the Act defines, among others, the word "fireworks," and the "American Boy's Assortment" delivered by the Express Company, clearly falls within this definition. Section 2 makes it unlawful "for any person to sell, offer or expose for sale, use, explode, or have in his possession any fireworks," except under the conditions set forth elsewhere in the Act. Section 3 provides for the granting of permits for supervised public display of fireworks, and further provides that after a permit is granted "the sale, possession, use, and distribution of fireworks for the display shall be lawful for that purpose only." The Act further provides for the "sale at wholesale" of fireworks not prohibited; for the sale of fireworks to be shipped directly out of the State, and for their sale and use for legitimate business purposes. Violation of the Act is made a misdemeanor, with a fixed maximum punishment.

Appellants contend that appellee's transportation and possession of the fireworks, was in violation of the Arizona statute, and its delivery of such prohibited articles to the consignee was negligence per se, proximately causing the accident. Aside from the violation of the statute as being negligence per se, it is said that the public policy of the state with respect to the possession and use of fireworks, as expressed in the statute, should be taken into consideration as "aggravating the degree of appellee's common law negligence in placing explosives in the hands of children."

Taking the view that the invoked statute was designed to regulate the sale and use of fireworks, and not to prohibit and make unlawful the transportation to consignees within the State, the trial court held that the Express Agency was "in no wise" negligent in receiving and transporting the fireworks into the State of Arizona, or in delivering the same to the consignee Jerry Powers. Thus proximate cause did not become a justiciable issue in the case. The court nevertheless expressed the view that the acts of the consignee and his playmates, in connection with the fireworks after their delivery, constituted an efficient intervening proximate cause of the accident.

■ An analysis of the statute makes it abundantly clear that it was not intended to prohibit the transportation, and possession necessary thereto, of fireworks into the State of Arizona. Indeed, the statute itself contemplates importation of fireworks; the avowed purpose is to regulate the use and sale of fireworks in the interest of safety. It does not require transportation companies to have a permit in order to possess the fireworks for transportation purposes, nor does it require the carriers to ascertain whether the consignee is a permittee under the Act. To attribute any such purpose to the statute would charge the Express Company with the duty of policing it—no such intention is expressed, nor should one be implied. Furthermore, we can find no expressed nor implied purpose in the statute to make the transportation agency the guardian of the safety of

---

[1] "Fireworks—Handle Carefully—Keep Fire Away;
"Caution—Do Not Drop or Throw;
"Caution—Open Box—Store in Dry Warm Place Away from Fire and
"Excessive Heat;

"Celebration Goods—From the Spencer Fireworks Company;
"This Package Must Not be Loaded or Stored Near Steam Pipes or Other Sources of Heat."

those to whom it delivers fireworks, and it is therefore not negligence per se to deliver them to a nonpermitte.

■ Appellants urge us to consider the statute in pari materia with two Arizona statutes pertaining to child delinquency. Ch. 80, Session Laws 1941 and Sec. 4640, Revised Code 1928. It is sufficient answer to say that the scope and aim of the statutes are not the same, and therefore cannot be considered in pari materia. See Sutherland Statutory Construction, 3rd Edition, Vol. 2, Sec. 5202, p. 535.

The question remains whether in the light of the public policy of the State, as expressed by the statute, the Express Agency was under any legal duty to ascertain the competency of the consignee to receive the shipment of fireworks, and if so, whether it negligently delivered this particular consignment to this particular consignee, proximately causing the injuries to this third party appellant?

■ The Express Agency does not stand on the same footing as the manufacturer or seller of fireworks or explosives. See 35 C.J.S., Explosives, § 6b, page 234. When the fireworks were packed and the character of the contents clearly stamped thereon, as required by the Interstate Commerce Commission, the Express Company was under the legal duty to accept and transport the same, and co-extensive with the duty to transport is the duty to deliver. North Pennsylvania Railroad Company v. Commercial Nat. Bank of Chicago, 123 U.S. 727, 8 S.Ct. 266, 31 L.Ed. 287; Rainier Brewing Co. v. Great Northern Pacific Steamship Co., 259 U.S. 150, 42 S.Ct. 436, 66 L.Ed. 868; Danciger v. Cooley, 248 U.S. 319, 39 S.Ct. 119, 63 L.Ed. 266; O'Kelley v. United States, 8 Cir., 116 F.2d 966; Standard Oil Company v. Soderling, 112 Ind.App. 437, 42 N.E.2d 373; Alabama Great Southern R. Co. v. Davidson, 30 Ala.App. 600, 10 So.2d 414.

■ The question then arises whether the duty to transport and deliver is qualified by any duty to ascertain the competency of the consignee to receive the shipment. Although, we have been cited no authority, and have found none, sanctioning the prop-

osition, we are not willing to say that under no circumstances is the carrier under a legal duty to make inquiry concerning the propriety of delivering a particular shipment to a consignee. We do not suppose that the carrier would be legally justified in delivering a package plainly marked "nitro-glycerine—handle with care" to a thirteen year old boy. We apprehend in these circumstances that the carrier would be relieved of its legal duty to deliver, if it had reason to believe that it would be dangerous to do so.

At a very early date, the question arose, whether as a matter of law, the shipper was charged with notice of the character and properties of merchandise accepted for shipment. The Supreme Court held, on authority of English cases, that the carrier was under no duty to ascertain the contents of a shipment free from suspicion, or to require information as to the contents of the package offered as a condition of transportation. It was only when the appearance of the package or other circumstances excited the suspicion of the carrier, that it incurred any duty to inquire concerning the contents of the package offered, as a condition for carriage. The Nitroglycerine Case, 15 Wall. 524, 82 U.S. 524, 21 L.Ed. 206. See also The Buenos Aires, D.C., 46 F.2d 693; Commonwealth v. Mixer, 207 Mass. 141, 93 N.E. 249, 31 L.R.A., N.S., 467, 20 Ann.Cas. 1152; Adams Express Co. v. Commonwealth, 129 Ky. 420, 112 S.W. 577, 18 L.R.A.,N.S., 1182; State v. Swett, 87 Me. 99, 32 A. 806, 29 L.R.A. 714, 47 Am.St.Rep. 306; Dinsmore v. Louisville N. A. & C. R. Co., C.C., 3 F. 593; 9 Amer.Jur.Carriers, Sec. 289, p. 609.

We can perceive no good or rational reason for imposing any greater or more onerous standard of care upon the performance of the duty to deliver the shipment than we impose upon the duty to accept it for transportation—each is an integral part of transportation. To do so, would lead to the necessity of inquiring into the competency of the consignee to receive the shipment before the carrier accepted it for transportation; else, the carrier would be in the paradoxical position of having accepted a shipment which it could

not deliver. We are certain that the law does not impose any such inconsistent burden.

Making application of the standard of care, applicable to the acceptance of the merchandise for transportation, we hold that the Express Agency was under no duty to examine or ascertain the competency of the consignee to receive the shipment, unless by its known contents and properties, and the public policy of the State of Arizona with respect thereto, it had reason to suspect it would be dangerous to life and limb to deliver it to a thirteen year old boy.

Here the shipment was marked "fireworks"—a commodity not uncommon in commerce and not uncommonly possessed by thirteen year old boys. We cannot say, as a matter of law, that the known character of the shipment was sufficient to charge the Express Agency with the duty of ascertaining the competency of the consignee to receive it.

The judgment is affirmed.