# Southern Railway Co. *v.* Moody.

## *Damages for Loss of Goods.*

(Decided May 8. 1907. 44 South. 94.)

1. *Appeal; Review; Pleading; Variance.*—The variance between the original complaint in the justice court claiming damages for the loss of two hundred egg cases, and that in the circuit court claiming for the loss of twenty egg cases, is not available on appeal.

2. *Carriers; Loss of Goods; Damages.*—Where the complaint alleged a breach of contract to deliver certain goods and the proof showed an unreasonable delay in delivery, the court improperly rendered a judgment for the total value of the goods.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by W. L. Moody against the Southern Ry. Co. for the loss of certain egg cases delivered to the carrier for transportation. The evidence is sufficiently stated in the opinion of the court. From a judgment for the full amount of the property the defendant appeals. Reversed and remanded.

HUMES & SPEAKE, for appellant.—The carrier was not liable for the total value of the goods but only liable for the damages resulting from delay.—6 Cyc. 442;2Hutchinson on Carriers (3rd Ed.) § 651; *C. of Ga. R. R. Co. v. Montmollen*, 39 South. 820. On the same authorities the person entitled to the goods cannot on account of unreasonable delay in delivery refuse to receive the goods and sue for their full value. There was a variance between the allegations of the complaint and the proof fatal to a recovery.—*S. & N. A. R. R. Co. v. Wilson*, 78 Ala. 587; *A. G. S. R. R. Co. v. Grabfelder*, 83 Ala. 200.

[Southern Railway Co. v. Moody.]

BILBRO & MOODY, for appellee.—Counsel discuss assignments of error but cite no authority.

McCLELLAN, J—The appellee sued the appellant, a common carrier, adopting the code form (No. 15), for damages for the failure to deliver the appellee, as consignee, a number of egg cases. The original complaint in the justice's court alleged the property not delivered to be 200 egg cases, and the complaint in the circuit court 20 egg cases. This variance is not available here, if, indeed, it is objectionable at all on appeal to the circuit court, where the trial is de novo.

The testimony shows without conflict that a few days —in one aspect, one day—after the suit was instituted the appellant's local agent offered to deliver the property in question to appellee upon his payment of the freight charges, and that appellee declined to accept the articles or to pay the charges. So it is insisted that there is a fatal variance between the allegata of failure to deliver and the probata, which shows delay in delivering merely. The point is well taken. The complaint, in the form stated, is for the breach, in its entirety, of the contract to deliver, and the proof makes a case of unreasonable delay in delivery; the measure of recovery in the former event being the value of the property not delivered, while in the latter the recoverable damage is limited to that proximately resulting to the aggrieved party by reason of the unreasonable delay, and not inclusive of the total value of the goods delayed unreasonably in delivery. The refusal of the appellee to accept the property upon payment of the charges was unwarranted, and the circuit court erred in rendering its judgment for the total value of the property.—*S. & N. Ala. R. R. v. Wilson,* 78 Ala. 587; *A. G. S. R. R. Co. v. Grabfelder,* 83 Ala. 200, 3 South. 432; *R. R. Co. v. Montmollen,* 145 Ala. 468, 39 South. 820.

[Alabama Great Southern Railroad Co. v. Franklin.]

The complaint must be amended to conform to the testimony; and it may not be amiss to observe greater care in the description in the complaint of the property consigned, not only as in fact it was, but as it appears in the bill of lading. Two counts will, in this case, accomplish this purpose.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.