[Barry, et. al. v. Madaris.]

# Barry, *et al., v.* Madaris.

## *Ejectment.*

(Decided June 18, 1908.   47 South. 152.)

1. *Ejectment; Evidence; Sufficiency.*—The matter of controversy was 40 acres and the evidence tended to show that the grantor was in actual possession of a part of the land described in the deed purporting to convey 360 acres of land including the 40 acres in dispute.   Held, that such evidence does not precisely identify the particular 40 acres in dispute as any of the part of the land so possessed.

2. *Adverse Possession; Extent of Possession.*—In the absence of an actual adverse possession, the actual possesion of a part of the lands included in a deed extends to the several contiguous tracts included in the deed.

3. *Ejectment; Evidence; Jury Question.*—Whether the plaintiff or defendant held a superior title was a question for the jury where the evidence tended to show that the defendant and those through whom he claimed were in the actual possession, claiming as bona fide purchasers at the time the deed under which the plaintiff claimed was executed, and that such possession was continued by the defendant up to the time of the trial.

4. *Same; Instructions.*—The charge that if the husband and father of plaintiffs purchased the land from one while in the actual possession, the jury should find for the plaintiffs unless the one through whom the defendant claimed had had adverse possession for ten years, was properly refused since there was evidence tending to show that the one through whom defendant claimed had been in actual possession of the land claiming as a bona fide purchaser under a deed executed prior to the deed under which plaintiff claimed, or at least was holding under color of title therefrom.   Section 1541, Code 1896, has no application to such a holding.

5. *Same.*—As plaintiff's deed covered several tracts not in controversy a charge asserting that if plaintiffs connected themselves with the grantor in possession then that was all that was required to make out a prima facie case, is calculatetd to mislead into the belief that if such grantor was in possession of any one of the respective tracts, irrespective of evidence tending to show that those through whom defendant claimed were at the time in actual possession of the land sued for, and irrespective of the character of the grantor's possession this would be sufficient; besides the charge was incomplete.

6. *Same.*—A charge asserting that the burden was on the defendant to prove title by adverse possession assumes that the plaintiff had made out a prima facie case and for this reason, was properly refused.

7. *Appeal and Error; Assignment; Waiver.*—The failure of an appellant to insist on assignment in brief or oral argument is a waiver of such assignment.

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. Miller.

Ejectment by George Barry and another against C. B. Madaris. Judgment for defendant, and plaintiffs appeal. Affirmed.

The facts are sufficiently stated in the opinion of the court. The following charges were refused to the plaintiffs: "(5) The court charges the jury that if the plaintiffs in this case have connected themselves with a grantor in possession, then this is all that is required of them in order to make out a prima facie case. (6) I charge you, gentlemen of the jury, that the burden in this case is upon the defendant, Madaris, to prove title by adverse possession. (7) The court charges the jury that, if you are reasonably satisfied from the evidence in this case that Joseph M. Tucker went into possession of the land sued for, and while in possession sold same to the husband and father of the plaintiffs, then your verdict should be for the plaintiffs for the land sued for, unless you are reasonably satisfied from the evidence that said S. C. Tucker was in the actual, open, notorious, continuous, exclusive, and hostile possession of the land for 10 years prior to the 11th day of February, 1893. (8) The court charges the jury that defense of adverse possession cannot avail the defendant, unless S. C. Tucker was in the actual, open, notorious, continuous, and exclusive possession for 10 years prior to the 11th day of February, 1893.

LAVENDER & THOMPSON, for appellant.—Actual possession of a part of a contiguous tract under a deed conveying all of such tract is actual possession of the whole. —*Burkes v. Mitchell*, 78 Ala. 63; *Lucy v. R. R. Co.*, 92 Ala. 246; *Norment v. Eureka Co.*, 98 Ala. 187; *Anniston Co. v. Edmondson*, 127 Ala. 464. A plaintiff makes out

his case in ejectment when he connects himself with the government or with a grantor in possession.—*Jackson Lbr. Co. v. McCreary,* 137 Ala. 278; *Florence B. & I. Assn. v. Schall,* 107 Ala. 531; 10 A. & E. Ency. of Law, 484. The defendant did not comply with sections 1541 and 1545, Code 1896.—*Brasher v. Shelby Iron Co.,* 144 Ala. 659. Charge 6 should have been given.—*Gayles v. Otis,* 127 Ala. 582.

ELLISON & COLLIER, for appellee.—"A plaintiff in ejectment must recover on the strength of his own title, and must show a valid title in himself, whether the defendants title be valid or not; and the defendant being in possession, the plaintiff cannot recover against him without showing a better muniment of title to the land than his, or that he has acquired title by adverse possession."—*Jackson Lumber Co. v. McCreary,* 137 Ala. 281. "The rule is that where neither party has the true title, the older possession gives the better right, and such right is not defeated by a subsequent entry, and occupation by an opposing claimant until it has ripened into title by adverse possession."—*Reddick v. Long,* 124 Ala. 267; 1 Sedgwick & Wait on Trial of Title to Land, Sec. 753. "The constructive possession of land arising from color of title cannot be extended to that part of it whereof there is an actual adverse possession, although the other claimant has no color of title."—1 Cyc. p. 1131 (III) ; Sedgwick & Wait on Trial of Title to Land, Sec. E53. "Residence is not essential to possession. It may be maintained by enclosure and cultivation, and even by enclosure without cultivation."—*Perry v. Lawson,* 112 Ala, 484. "It has often been decided in this country that the possession of an occupant may be adverse without either enclosure or improvements."—*Hughes v. Anderson,* 79 Ala. 215 and cases cited. "Respondents (de-

fendants) possession of this land has been all that the nature of the land required, and was for the use to which it was best adapted."—*Goodson v. Brothers*, 111 Ala. 595.

DENSON, J.—Statutory action of ejectment. From verdict and judgment for the defendant in the circuit court, the plaintiffs have apepaled.

The plaintiffs claimed title as the heirs at law of J. W. Barry, deceased. A deed, executed by J. M. Tucker to J. W. Barry on the 1st day of November, 1869, purporting to convey 360 acres of land, including the 40 acres in dispute, was offered as evidence by the plaintiffs. There is evidence tending to show that at the time this deed was executed the grantor was 'in actual possession of a part of the land described in the deed," but manifestly this falls short of precisely identifying the 40 acres in controversy as any of the part so possessed. Plaintiffs, then, necessarily depend on title by adverse possession under color of title.

J. W. Barry, after receiving the deed from Tucker, moved upon and lived on a 40-acre tract described in the deed and adjoining the one involved in this suit, his residence being about a fourth of a mile from it; and he lived there continuously for 20 years and until his death. The proof for plaintiffs tends to show that this 40-acre tract in controversy was uninclosed woodland. Aside from claiming it, going upon it frequently and having it surveyed on one occasion, there is no evidence tending to show any acts of actual possession by Barry over said tract in controversy, and the acts specified are controverted. After Barry's death the plaintiffs continued, until a few years before the commencement of this action, to hold possession of the lands, and in the same way (as the evidence tends to show) that Barry held possession.

It may be conceded that being in actual possession of a part of the lands included in the deed would, in the absence of an actual adversary possession, extend such possession to the several tracts (they being contiguous) described in the deed; but the defendant claims title by adverse possession (under color of title) of the lands sued for, and the evidence tends to show that those through whom he claims were in the actual possession of the lands, claiming as bona fide purchasers, under a deed executed prior to the deed under which plaintiffs claim, and at the time said deed was executed. It also tends to show that such possession was continued, by his predecessors in title and by himself, up to the time of the trial. So there can be no doubt that the question, between plaintiffs and defendant, as to which held the superior title, was one for the determination of the jury, under the evidence, and on proper instructions by the court.

The deed to S. C. Tucker by Wasson was executed in 1865 or 1866, and the evidence tends to show that Tucker was in the actual possession of the land, claiming as a bona fide purchaser under said deed, or at least as holding color of title therefrom. This being true, charges 7 and 8, requested by the plaintiffs, were properly refused for pretermitting this phase of the evidence.—Code 1896, § 1541.

Charge 5, in view of the fact that plaintiffs' deed covers several tracts not in controversy, was calculated to mislead the jury into the belief that, if the grantor was in possession of any one of those tracts, whether the one in dispute or not, it would be sufficient; and this, too, irrespective of evidence tending to show that those through whom defendant claims were in actual possession (at the time) of the land sued for, and irrespective of the character of the grantor's possession. Besides. the charge is incomplete.

[Jackson, et al. v. Tribble.]

In refusing charge 6 there was no error. It assumed that plaintiffs had made a prima facie case. Unless the jury were reasonably satisfied that plaintiffs had made a prima facie case, no burden rested on the defendant at all. This the charge ignored.

Charge 2 forms the basis of the sixth ground in the assignment of error. This ground is not insisted on in the brief of appellants' counsel, and according to our many decisions on the question we must treat the sixth ground as waived.

There is no error in the record, and the judgment is affirmed.

Affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.