# Southern Express Company *v.* Ramey

## *Damage for Loss of Goods.*

(Decided Dec. 16, 1909.—51 South. 314.)

1. *Carrier; Who Are; Express Company.*—Express companies are common carriers of goods.

2. *Same; Loss of Goods; Presumption and Burden of Proof.*—Where it is shown that goods are delivered to a carrier and that the carrier has failed to deliver the goods to the consignee a prima facie case is made out raising the presumption of negligence, and the burden is upon the defendant to rebut this presumption.

3. *Same.*—The evidence in this case stated and examined and held to cast upon the carrier the burden to rebut the presumption of negligence arising from the failure to deliver the goods committed to it for carriage.

4. *Same; Defense.*—The execution and delivery to the carrier after the animal shipped was dead of a paper purporting to be a limited liability live stock contract, which does not purport to be a release of damages cannot affect the shipper's right to recover for the loss.

APPEAL from Madison Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by F. M. Ramey against the Southern Express Company for the death of an animal while in transit. Judgment for plaintiff and defendant appeals. Affirmed.

COOPER & COOPER, for appellant.—The law will not presume negligence in the absence of any evidence having a tendency to show negligence.—*Southworth v. Shea,* 131 Ala. 419. There is no evidence in this case as to the cause of the injury except that the death ensued from natural causes.

LANIER & PRIDE, for appellee.—The plaintiff made out a prima facie case, thus casting the burden upon the defendant to acquit itself of negligence.—*S. & N.*

*Ala. Ry. Co. v. Henline,* 52 Ala. 612; *N. C. & St. L. v. Parker,* 27 South. 326.

McCLELLAN, J.—Express companies are common carriers; and in an action against such a company the plaintiff establishes a prima facie right to recover for the loss of his property upon proof of delivery thereof to the carrier and the failure to redeliver them—the onus probandi then passing to the carrier to exculpate itself from the presumptive imputation that the loss was occasioned by its negligence.—*Southern Ex. Co. v. Hess,* 53 Ala. 19; *Southern Ex. Co. v. Saks,* 160 Ala. 621, 49 South. 392. See, also, *S. & N. R. R. Co. v. Henlein,* 52 Ala. 606, 23 Am. Rep. 578. In this case the prima facie case was made out, and the burden was upon the carrier to exculpate itself. The case of *Southworth v. Shea,* 131 Ala. 419, 30 South. 774, cited by counsel for appellant, related to a very different field of the law to that involved in cases where goods committed to a common carrier are lost. The presumption that the loss was the result of the carrier's culpability distinguishes the two cases. The cited decision was for an injury to a person, suffered in consequence of a defective street. It has no bearing here.

The property here involved was an animal, crated in the usual way for express shipment. The carrier undertook to transport it from Huntsville to Birmingham; the routing making it necessary to transfer, at Decatur, the consignment from the Southern to the Louisville & Nashville Railways. The animal died after reaching Decatur, while awaiting the next train on the latter railway. Dr. Todd, a veterinarian, viewed the carcass after its removal to the refuse field, and gave his professional opinion that death was the result of a rupture of the womb; the animal being well advanced with

calf. Among other testimony given by Dr. Todd was this: "My diagnosis was that her death was the result of this rupture of the womb and the escaping of the foetus into the cavity. What produced the rupture I cannot tell. It may have resulted from a blow, a jar, excitement, or fright incident to travel." Other evidence, tending to show that the animal's condition was good when delivered to the carrier, was introduced. There was also testimony to the effect that the animal was carefully handled at Decatur, as well as that she was carefully crated and loaded at Huntsville. No witness appears to have been examined with reference to the care or condition of the animal while en route from Huntsville to Decatur, though it was shown that the animal was "apparently in good order" when she reached Decatur.

Aside from the "receipt" given the plaintiff when the animal was delivered to the carrier, and another paper to be later mentioned, the evidence before the trial judge (the trial was without jury) was delivered ore tenus. After a careful consideration of the whole evidence, we are not convinced that the trial judge reached an erroneous conclusion in the premises. The burden was on the carrier to acquit itself of culpability, and it was reasonably open to the court to find that the carrier had not done so.

After the animal was dead, the plaintiff signed and delivered to the carrier's agent what is called "Limited Liability Live Stock Contract." This paper, obviously, could have no bearing on the plaintiff's right to recover for the injury previously suffered, not being a release or discharge thereof.

The judgment is affirmed.

Affirmed.

SIMPSON, ANDERSON, and MAYFIELD, JJ., concur.