(98 South. 276)

## ATLANTIC COAST LINE R. CO. v. J. W. MADDOX & CO. (4 Div. 78.)

(Supreme Court of Alabama. Oct. 11, 1923. Rehearing Denied Dec. 13, 1923.)

**1. Carriers ☞227(1) — Count for unreasonable delay in delivering shipment held sufficient.**

In an action against a carrier for unreasonable delay in delivering a carload of hogs, a count substantially following 2 Code 1907, p. 1197, form 15, alleging the time the car left the shipping point and the time it was delivered to consignee, and that "on account of unreasonable delay" said car of hogs was in a damaged condition, *held* sufficient.

**2. Carriers ☞228(1) — On establishment of prima facie case, carrier has burden of acquitting itself of presumption of negligence.**

Plaintiffs establish a prima facie right to recover for loss or damage to the property on proof of delivery in good condition to carrier, and failure of carrier to redeliver or to deliver in as good a condition as received; and the burden then shifts to carrier to acquit itself of the presumption that the damage or loss was caused by his negligence, except that it is not accountable for loss or damage to live animals arising from their nature and propensities, which could not be prevented by foresight and care.

**3. Evidence ☞91 — Plaintiff has burden of making out prima facie case on plea of general issue.**

The plea of the general issue places on plaintiffs the burden of making out a prima facie case.

**4. Appeal and error ☞1064(2)—Instruction that burden was on carrier to show delivery of shipment in reasonable time held not reversible error.**

Where plaintiffs made out a prima facie case by showing delivery of a car of hogs to carrier in good condition, and that on delivery to consignee 10 of the hogs were dead, and this evidence was not disputed, but was admitted by defendants, the giving of an instruction that the burden was on the carrier to show that it delivered the hogs in a reasonable time to consignees was not reversible error, though it assumed that plaintiffs had made out a prima facie case.

Appeal from Circuit Court, Coffee County; Arthur B. Foster, Judge.

Action by J. W. Maddox & Co. against the Atlantic Coast Line Railroad Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

Arrington & Arrington, of Montgomery, for appellant.

The facts alleged in the third count that constituted the negligence or unreasonable delay in themselves do not amount to negligence and were merely a conclusion. Demur-
rer to the count should have been sustained. Decatur Co. v. Mehaffey, 128 Ala. 242, 29 South. 646; Highland Ave. Ry. v. South, 112 Ala. 642, 20 South. 1003; Birmingham, etc., v. Grover, 159 Ala. 276, 48 South. 682; Johnson v. Birmingham Ry., 149 Ala. 529, 43 South. 33; McCary v. Ala. R. Co., 182 Ala. 597, 62 South. 18. It was error to charge that the burden was on defendant to show delivery within a reasonable time. 10 Cyc. 301; Elliott on R. R. (3d Ed.) § 2740; Adams Ex. Co. v. Bratton, 106 Ill. App. 563; Cunningham v. Chicago, etc. Co. (Mo. App.) 182 S. W. 1033; Choctaw Co. v. Walker, 71 Ark. 571, 76 S. W. 1058. In order to make out a prima facie case of delay against the carrier, plaintiff must offer some evidence of the delay. 4 R. C. L. 373; R. & D. v. Trousdale, 99 Ala. 389, 13 South. 23, 42 Am. St. Rep. 69; L. & N. v. Cheatwood, 14 Ala. App. 175, 68 South. 720; L. & N. v. Smitha, 145 Ala. 686, 40 South. 117.

Fleming & Yarbrough, of Enterprise, for appellee.

When the plaintiff shows loss or damage to goods delivered to a carrier for shipment, a presumption of negligence arises, and a prima facie case is made. The burden is then on the carrier to show that the loss or damage was not the result of its own negligence. 2 Mich. Ala. Dig. 705; So. Exp. Co. v. Ramey, 164 Ala. 206, 51 South. 314; L. & N. v. Smitha, 145 Ala. 686, 40 South. 117.

MILLER, J. This is an action by J. W. Maddox and H. C. Johnson, partners doing business as J. W. Maddox & Co., appellees, against Atlantic Coast Line Railroad Company, a corporation, the appellant, for damages for injuries to a car of hogs shipped from New Brockton, Ala., to Montgomery, Ala. There was judgment for plaintiffs, and from this judgment the defendant prosecutes this appeal.

There are three counts in the complaint. Count 1 claims damages for failure to deliver 10 head of hogs. Count 2 claims damages for failure to deliver 10 head of hogs received by it within a reasonable time. Count 3 claims damages for unreasonable delay in delivering the car of hogs.

[1] The appellant assigns as error the overruling by the court of the defendant's demurrer to count 3. This count claims damages, and avers that on March 16, 1921, the defendant was a common carrier, and undertook on that date to transport a car of hogs, the property of plaintiffs, from New Brockton, Ala., to Montgomery, Ala., and to deliver same to Watkins, Carrithers & Co., at Montgomery, Ala., for a reward, and then avers:

"That said car of hogs left New Brockton about 6:50 a. m. March 16, 1921, and were not delivered to said Watkins, Carrithers & Co. until 1:30 a. m. March 17, 1921; that on account of unreasonable delay said car of hogs

was in a damaged condition and the remainder in a sick and weakened condition, which lessened the weight of said hogs, whereby the sum received for said hogs was considerably less than it would have been if said car of hogs had been delivered on time and in good condition; wherefore plaintiff sues in the amount aforesaid."

This count substantially follows Code form No. 15, on page 1197, vol. 2, of the Civil Code of 1907, down through the word "reward." It does not attempt to set up the facts constituting the delay. It avers the time when the car left New Brockton and the time the hogs were delivered to the consignee and then avers that "on account of unreasonable delay said car of hogs was in a damaged condition," etc. The averments of this count are sufficient to state a cause of action for damages for unreasonable delay in delivering the car of hogs to the consignee, and are not subject to the ground of demurrer assigned to it. These averments are equivalent to stating that the car of hogs was not delivered within a reasonable time to the consignee. This is permissible under our pleading practice and system. L. & N. R. R. Co. v. Allgood, 113 Ala. 163, 20 South. 986; Southern Ry. Co. v. Moody, 151 Ala. 374, 44 South. 94.

[2-4] The court gave the following written charge to the jury at the request of plaintiffs, the appellees:

"The court charges the jury that the burden is on the defendant to show that it delivered the hogs in a reasonable time to the consignees, Watkins, Carrithers & Co."

The plaintiffs establish a prima facie right to recover for loss of their property or for damage to it when proof is made of delivery thereof in good condition to the carrier and the failure of the carrier to redeliver them, or failure of the carrier to deliver them in as good condition as it received them, to the consignee; the burden then shifts to the carrier to acquit itself of the presumption that the damage or loss, if any, was caused by its negligence. Southern Ex. Co. v. Ramey, 164 Ala. 206, 51 South. 314; Am. Ry. Ex. Co. v. Dunnaway & Lambert, 207 Ala. 392, 92 South. 780. And the same rule applies to the undertaking to transport and deliver live animals by a carrier, "except it is not accountable for, and does not assume the risk of, loss or damage of live animals 'arising from their nature and propensities, and which could not be prevented by foresight, vigilance, and care.'" A. C. L. R. Co. v. Rice, 169 Ala. 265, 52 South. 918, 29 L. R. A. (N. S.) 1214, Ann. Cas. 1912B, 389; Am. Ry. Ex. Co. v. Dunnaway, 207 Ala. 392, 92 South. 780.

The defendant pleaded the general issue. This places on the plaintiffs the burden of making out a prima facie case, which they did. They show without dispute that they delivered 99 hogs, belonging to plaintiffs, in good condition to the defendant, loaded them in a car at New Brockton, Ala., on the morning of March 16, 1921, and when they were delivered to the consignees in Montgomery, Ala., about 1 o'clock a. m. on March 17, 1921, 10 of the hogs were dead in the car. This evidence was not disputed; it was admitted by the defendant in its testimony, and it made out a prima facie case. This cast the burden of proof on the carrier to exculpate itself.

This charge assumes plaintiffs had made out a prima facie right to recover. It was not reversible error to give it in this case. The facts constituting the prima facie right to recover by plaintiffs were not disputed; they were without conflict, undisputed, and admitted in testimony of defendant. This burden of proof stated in this charge did not rest on the defendant until plaintiffs made out a prima facie case; but its assumption by the charge was not reversible error when the facts making out the prima facie case were not in conflict by the evidence, but were admitted in testimony of the defendant. The giving of this charge, if error, was without injury to the defendant, and it will not reverse the judgment. Cassells' Mill v. Strater Bros., 166 Ala. 276, headnote 19, 51 South. 969; Barry v. Madaris, 156 Ala. 475, headnote 6, 47 South. 152; Birmingham Ry. L. & P. Co. v. Girod, 164 Ala. 10, headnote 6, 51 South. 242, 137 Am. St. Rep. 17; Supreme Court Rule 45, 175 Ala. xxi, 61 South. ix.

The record is free from reversible error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

### On Rehearing.

MILLER, J. The appellant insists that the burden of proof was on the plaintiff under counts 2 and 3 to offer some evidence tending to show unreasonable delay in delivering the hogs to the consignee by the carrier; that the undisputed evidence that the hogs were received by the carrier in good condition, and 10 of them were delivered dead to the consignee by the carrier, would not shift the burden of proof as to unreasonable delay in delivering them under these counts; and that the court erred in giving the written charge on this subject. These counts (2 and 3) claims damages to the hogs for failure to deliver the hogs within a reasonable time to the consignee. Under these counts, when proof, undisputed, was offered showing the 10 hogs were received by the carrier in good condition and delivered to the consignee dead, then this made out a prima facie case, and the carrier, to relieve itself from liability under these counts, had the burden only of showing it delivered the hogs to the consignee within a reasonable time after it received them, or that unreasonable de-

lay did not cause their death. These counts charge the misconduct or negligence of the defendant was unreasonable delay in delivering the hogs, and that was the cause of the injury to or death of them. They limit the negligence or misconduct of the defendant to unreasonable delay in delivering the hogs, and claim that was the proximate cause of their death.

Under count 1, which charges failure to deliver, when the proof undisputed showed the carrier received the 10 hogs in good condition, and delivered them dead to the consignee, then these facts made out a prima facie case, and the defendant, to acquit itself of liability thereunder, would have the burden of proving that the death of the hogs was caused by no negligence or misconduct on its part. This count did not specify what negligence or misconduct of defendant caused the death of the hogs; so it was necessary under this count for the defendant to prove the death of the hogs was not caused by any negligence or misconduct on its part in order to be relieved of liability. But counts 2 and 3 charged the negligence or misconduct of defendant was unreasonable delay that caused the death of the hogs, so under these counts it was only necessary for the defendant, to be relieved of liability, to show that there was no unreasonable delay in the delivery, or that the unreasonable delay was not the proximate cause of the death of the hogs.

This principle was clearly stated by Justice Walker in Steele & Burgess v. Townsend, 37 Ala. 256, 79 Am. Dec. 49, as follows, for the court:

"Hence, a prima facie case of negligence is made out against the carrier, by showing that the goods were delivered to him, and that he has either not delivered them at all, or has delivered them in an injured condition."

Chief Justice Brickell, in S. & N. Ala. R. Co. v. Henlein, 52 Ala. 612, 23 Am. Rep. 578, wrote:

"When a loss or injury happens, the onus probandi rests on the carrier to exempt himself from liability; for the law imposes on him the obligation of safety. The owner or shipper is bound to prove no more than that the goods were delivered to the carrier, and the failure to deliver them safely. These facts are prima facie evidence of negligence or misconduct."

The undisputed evidence showed the 10 hogs were delivered to the defendant in good condition, and that the defendant delivered them dead to the consignee; these facts are prima facie evidence of misconduct or negligence of the defendant, and placed on the defendant the burden of showing their death was not caused by unreasonable delay under counts 2 and 3, and the burden of showing under count 1 that their death was caused by no negligence or misconduct of the defendant. This is supported and sustained by Justice Haralson, writing for the court, in L. & N. R. R. Co. v. Smitha, 145 Ala. 686, 40 South. 117, headnote 1, and by Justice Clopton in Western Ry. Co. v. Harwell, 91 Ala. 340, headnote 4, 8 South. 649. See, also, Sou. Ry. v. N. W. Fruit Ex., post, p. 519, 98 South. 382.

It is true that Justice McClellan, writing for the court, in R. & D. R. R. Co. v. Trousdale, 99 Ala. 389, headnote 4, 13 South. 23, 42 Am. St. Rep. 69, in discussing a charge, in effect stated that, when the proof showed the animal was received in good condition, and was delivered in bad condition, and there was evidence of unreasonable delay, this would raise a prima facie presumption that the delay was negligent, and injuries resulted from it; but the court did not state that facts showing the carrier received the animal in good condition and delivered it to the consignee injured or dead would not make out a prima facie case of unreasonable delay in delivering the animal. This opinion of the court, through Justice McClellan, does not militate against the conclusion here reached.

The court did not err, under the evidence in this case, when it gave to the jury the written charge requested by the plaintiff, which is copied in the original opinion.

The application for rehearing is overruled.

ANDERSON, C. J., and GARDNER, J., concur in the opinion.

SAYRE and SOMERVILLE, JJ., think that the charge was erroneous as applicable to counts 2 and 3, but that on the whole case it was without prejudice to the defendant, and therefore concur in the result.

THOMAS and BOULDIN, JJ., hold the charge was not directed to any count of the complaint, and that it was correct as to count 1, and therefore concur in the result.