(127 So. 802)

## LOUISVILLE & N. R. CO. v. KINNEY.

### 6 Div. 572.

Supreme Court of Alabama.

April 10, 1930.

A. A. Griffith and F. E. St. John, both of Cullman, and Eyster & Eyster, of Decatur, for appellant.

Julian Harris, of Decatur, and Earney Bland, of Cullman, for appellee.

ANDERSON, C. J.

The gravamen of count 2 is the negligent failure of the defendant to deliver the mules within a reasonable time. True, it also contains an averment of the negligent failure to place the car at the stock pen or chute within a reasonable time after the arrival at Cullman; that is, permitted the car to remain on a side track for several hours after its arrival before placing it where the mules could be unloaded. This last averment is not a new or the sole cause of action, but relates to and pertains to the charge of a negligent failure to transport and deliver within a reasonable time. We think delivery does not merely mean a delivery at

**50**

the town or place of destination, but at a point where the stock could be unloaded and delivered to the consignee. Count 2 was not subject to the defendant's demurrer.

■ As to count 3, adopted count 2, it was to this extent not subject to the demurrers, and as the only addition thereto related to special damages this did not render the same subject to demurrer. If said damages were not recoverable, the question should have been raised by motion to strike objection to the evidence or instructions to the jury and not by demurrer. In fact, the question was raised by charges given by the trial court eliminating special damages.

■ There was proof of injury to the stock between the delivery to defendant at Columbia, Tenn., and the receipt of same by plaintiff at Cullman. There was also proof from which the jury could infer an unreasonable or negligent delay in delivery although the mules may have been transported from Columbia to Cullman with reasonable dispatch. When this was shown the burden was then upon the defendant to show that there was no unreasonable delay or that said delay was not the cause of injury to the mules. A. C. L. R. R. v. Maddox, 210 Ala. 444, 98 So. 276.

■ The trial court did not err in refusing the general charge, requested by the defendant, as to either count of the complaint. Nor was there error in so much of the oral charge as is embraced in the third assignment of error.

■ There was no error in the oral charge of the court as to the measure of damages, and we do not think it instructed the jury to fix the Columbia value at the time of shipment and the Cullman value at the time of delivery, and the evidence shows that the value placed on the mules before and after delivery was based on the Cullman market or prices.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.