STAHL BROS. CORPORATION, Plaintiff, *v.* LONG ISLAND RAILROAD COMPANY et al., Defendants.

Supreme Court, Special Term, Queens County, May 23, 1944.

*Meyer Maltz* and *Milton R. Cohen* for plaintiff.

*Matthew V. Stepsis* for defendants.

COLDEN, J. According to the complaint herein, the plaintiff made two shipments of machinery from Buffalo, N. Y., to Glen-

dale, Queens County, N. Y. The machinery was loaded in Buffalo on a freight car of the defendant Erie Railroad Company. When the machinery reached the defendant Long Island Railroad Company in Glendale, N. Y., it was found damaged. This suit for damages ensued, and the plaintiff now moves to examine both defendants in respect to the alleged negligence which caused the damage.

The defendants oppose the motion upon the ground that all shipments over the lines of the defendant Erie Railroad Company from Buffalo, N Y., to points on Long Island are not transported wholly within the State of New York, but pass through the States of Pennsylvania and New Jersey and, therefore, are shipments in interstate commerce and subject to the Interstate Commerce Act, Part I (U. S. Code, tit. 49, § 1 *et seq.*) and the schedules filed thereunder. Photostatic copies of the contracts of carriage, attached to the opposing affidavit, contain the notation " Shippers Load & Count ".

Without discussing the questions of admissibility of evidence, etc., argued by the parties, which must be determined in the last analysis by the trial court, it would seem that the plaintiff will make out its prima facie case by showing that the machinery was in a good condition and properly loaded for transportation when delivered to the defendant Erie Railroad Company at Buffalo, N. Y., and was in a damaged condition when received from the defendant Long Island Railroad Company at Glendale, N. Y. It will be up to the defendants to establish that the damage was not caused by their negligence.

In *C. & O. Ry. Co.* v. *Thompson Mfg. Co.* (270 U. S. 416, 421–422) the court said: " It is sometimes said that the basis of the carrier's liability for loss of goods or for their damage in transit is ' presumed negligence.' * * * But the so-called presumption is not a true presumption, since it cannot be rebutted, and the statement itself is only another way of stating the rule of substantive law that a carrier is liable for a failure to transport safely goods intrusted to its care * * *."

In *Galveston, H. & S. A. Ry. Co.* v. *Wallace,* 223 U. S. 481, 492) the court stated: " * * * when the holders of the bills of lading proved the goods had not been delivered to the consignee, the presumption arose that they had been lost by reason of the negligence of the carrier or its agents. The *burden of proof* that the loss resulted from some cause for which the initial carrier was not responsible in law or by contract was then cast *upon the carrier.* The plaintiffs were not obliged both to prove their case and to disprove the existence of a defense. The car-

rier and its agents, having received possession of the goods, were charged with the duty of delivering them, or explaining why that had not been done. This must be so, because carriers not only have better means, but often the only means, of making such proof. If the failure to deliver was due to the act of God, the public enemy or some cause against which it might lawfully contract, it was for the carrier to bring itself within such exception. In the absence of such proof, the plaintiffs were entitled to recover, and the judgment is affirmed.'' (Emphasis supplied.)

While, of course, the plaintiff has the burden of proof on its whole case, it has not the burden in this case of establishing the carriers' negligence. It is not therefore necessary for the plaintiff to examine the defendants on matters embraced in the written contracts, or that the claimed damage was due to the fact that the freight cars in which the machinery was carried were '' struck, jolted, bumped, jerked or halted with great and sudden violence through the carelessness, recklessness and negligence of '' the defendants, their agents, servants or employees. To permit examination on these matters would be tantamount to allowing a cross-examination of the defendants for the purpose of disproving them. The plaintiff has no such burden. Its remedy is to seek a bill of particulars concerning the affirmative matter asserted in the answers.

The plaintiff's motion is accordingly denied. Submit order.