39 So.2d 692

**ANDERSON v. RAILWAY EXP. AGENCY.**

4 Div. 535.

Supreme Court of Alabama.

March 31, 1949.

Albert L. Rankin, Robt. B. Albritton and Powell, Albritton & Albritton, all of Andalusia, for petitioner.

C. B. Fuller, of Andalusia, opposed.

FOSTER, Justice.

This is a suit by a shipper of bees for the death of a large number of them in an interstate shipment under a single contract. The suit was tried on a count in Code form on a bill of lading against a common carrier, Form 15, section 223, Title 7, Code, with the added allegation that defendant negligently allowed them to become chilled or otherwise injured, so that a large portion of them died, to plaintiff's damage.

The evidence, as stated by the Court of Appeals, showed the death of about eighty percent of them, which occurred in transit. There was no evidence that defendant was negligent. The contract contained a clause that unless caused by the negligence of the company, it would not be liable for damage or delay caused by strikes. The evidence tended to show there was a delay of two days caused by a national railroad strike.

The trial court gave the affirmative charge for defendant on the ground that plaintiff did not prove his allegation of negligence.

Petitioner's counsel in support of that contention rely on Atlantic Coast Line R. Co. v. J. S. Carroll Mercantile Co., 206 Ala. 320, 89 So. 509, and what was said of that case on the second appeal, 210 Ala. 284, 97 So. 904, in respect to the duty of plaintiff to make affirmative proof of the negligence of defendant on account of the status of the pleading. But the duty to make such proof on the first trial arose from the allegation in a replication to a

plea denying notice of the claim. The allegation in the replication was that the injuries complained of were due to the negligence of defendant in handling the shipment. Issue was taken on that replication. The court stated that plaintiff had expressly assumed the burden to prove negligence, and that became the sole issue in the case, and since the evidence did not prove negligence, plaintiff lost on the issue. On another trial that issue was not made as before. But the principle was repeated as settled, that when proof is made of the injury in such a shipment there is cast on defendant the duty of showing that the injury resulted from causes without proximately causative negligence on the part of defendant, and that it had the duty to prove that the injury could not have been prevented by due care, even though it was directly produced by the peculiar nature or propensities of the animals. That was also pointed out in Atlantic Coast Line R. Co. v. J. W. Maddox, 210 Ala. 444, 98 So. 276. And that is well settled as a correct principle of law. Southern Express Co. v. Ramey, 164 Ala. 206, 51 So. 314; Atlantic Coast Line R. Co. v. Rice, 169 Ala. 265, 52 So. 918, 29 L.R.A.,N.S., 1214, Ann. Cas.1912B, 389; American Railway Express Co. v. Dunnaway & Lambert, 207 Ala. 392, 92 So. 780.

This principle is not affected by the fact that the complaint alleges negligence by the carrier. 10 Corpus Juris pp. 370, 371, p. 360, section 544; 13 C.J.S., Carriers, §§ 251, 254.

We think the Court of Appeals correctly stated the rules, and properly applied them to the situation described in their opinion.

The other matters referred to in brief on this petition would require a study of the facts and evidence shown by the record, but not in the opinion of the Court of Appeals. It is not necessary to cite our many cases holding that this is not available on certiorari.

Certiorari denied.

BROWN, LAWSON and STAKELY, JJ., concur.