45 So.2d 168

## RAILWAY EXP. AGENCY v. ANDERSON.

### 4 Div. 126.

Court of Appeals of Alabama.
March 21, 1950.

Powell, Albritton & Albritton, Albert L. Rankin and Robt. B. Albritton, of Andalusia, for appellant.

E. O. Baldwin, of Andalusia, for appellee.

HARWOOD, Judge.

This is the second time this case has been before this court. See Anderson v. Railway Exp. Agency, 34 Ala.App. 191, 39 So.2d 689, certiorari denied 252 Ala. 128, 39 So.2d 692.

The case involves a claim for damages because of the death of bees shipped by appellee through appellant's agency. The pleadings are set out in the prior report of this case, supra.

The evidence presented by the plaintiff is likewise substantially similar to the evidence set forth in the prior opinion, supra, and we will not again recite it.

It appears however that in the second trial below the plaintiff failed to offer any evidence tending to show that the bees were delivered to the defendant in good condition. Nor is any stipulation found in the Uniform Express Agency Receipt issued by the defendant agency, and received in evidence, indicating the condition of the bees when delivered.

In the trial below the defendant, appellant here, rested its case upon completion of the plaintiff's case, and requested the affirmative charge, which was refused by the court.

Proof of the condition of the bees at the time of their delivery to the carrier was an essential element of plaintiff's case. Absence of such proof renders the extent of plaintiff's injuries entirely speculative. Louisville & Nashville R. Co. v. Hendricks, 233 Ala. 259, 171 So. 273; Atlantic Coast Line R. Co. v. J. W. Maddox & Co., 210 Ala. 444, 98 So. 276. See also Palmer v. Gillarde, 312 Ill.App. 230, 38 N.E.2d 352; Stahl Bros. Corporation v. Long Island R. Co., 183 Misc. 486, 48 N.Y.S.2d 845.

In view of the above the conclusion appears necessary that the lower court erred in refusing appellant's request for the general affirmative charge.

It further appears that in the court's oral charge this same element was omitted by the court in its instructions to the jury as to what was necessary for the plaintiff to establish his prima facie case, which instructions were duly excepted to by the appellant. Error likewise resulted from this phase of the case.

Prior to the trial below the defendant filed a plea in abatement asserting that the plaintiff had assigned his claim against the defendant to his father.

The basis of the plea in abatement was a letter written by the plaintiff to his father some three months before this second trial. The letter, set forth in the plea, was as follows: "I wrote Buford about the railroad case. Didn't he get it? I told him to keep the $30.00 for the honey and I would send $20.00 more. Do whatever you want to about it as I don't know what to say. The man that carried the honey to Sanford, Florida, paid the express from there to Opp. He is looking to me for all of it so if you all think it best to get a lawyer and fight the case, and if not keep out enough to pay everything and I'll pay for the honey shipping. If you all want to fight it you can keep out the $50.00 for a lawyer from the honey and have what you get out of it or do what you think best."

The court sustained plaintiff's demurrer to the plea in abatement, and this action by the court is assigned as error.

The letter in our opinion constituted nothing more than the promise of a gift out of a contingent and unaccrued fund, and not a present transfer of any money. The plaintiff could certainly have yet retained control, and directed the processing of the law suit, even to dismissing the same. His mere offer or purpose to let the father have the proceeds of the hoped for judgment cannot be considered an assignment of such potential proceeds. No error therefore resulted from the overruling of plaintiff's demurrer to defendant's plea in abatement.

Reversed and remanded.